BRADSHAW *v.* STIEFFEL, et al.

No. 40393          February 18, 1957          92 So. 2d 565

*Morse & Morse,* Gulfport, for appellant.

*Bidwell Adam,* Gulfport; *Dan M. Russell, Jr.,* Bay St. Louis; *Jackson & Ross,* Jackson, for appellee, R. H. Stieffel.

*Rae Bryant,* Gulfport, for appellee and cross-appellant, Mrs. J. F. (Mae) Wood.

GILLESPIE, J.

Appellant, Miss Maud Bradshaw, plaintiff in the court below, filed her suit against appellees, R. H. Stieffel and Mrs. J. F. Wood. It was charged that appellant was a guest in the car being driven by Mrs. Wood in an easterly direction on U. S. Highway 90 in Hancock County, Mississippi; that the automobile being driven by Stieffel came into the highway from the Kiln Road and the two cars collided, resulting in injuries to appellant. The specific charge of negligence against Stieffel was that he "did not stop at the intersection of Kiln Road and U. S. Highway 90, but negligently, carelessly and recklessly drove his automobile out into U. S. Highway 90 and into the traffic lane in which the automobile in which plaintiff was riding, at a highly negligent, dangerous and reckless rate of speed." The specific charge of negligence against Mrs. Wood was that she was "driving her automobile at said time in a negligent manner and at a dangerous and reckless rate of speed without due regard to traffic conditions on said road. . ." The declaration then charged that the proximate cause of

the collision and resulting injuries to appellant was the negligence of both defendants.

The jury returned a verdict in favor of both defendants.

Appellant makes two assignments of errors: (1) That the evidence was against the overwhelming weight of the evidence, and (2) that the lower court erred in granting an instruction to appellee, Mrs. Wood. The appellee, Mrs. Wood, filed a cross-appeal and assigned as error, among others, that she was entitled to a peremptory instruction.

Called as an adverse witness, appellee Stieffel testified that he was driving south on the Kiln Road and reached the intersection with U. S. Highway 90 and that he came to a dead stop before entering into the highway, and turned to his right headed west; that when he entered the highway he saw the headlights of a vehicle coming from the west a considerable distance from the intersection, and this vehicle seemed to be coming at a fast rate of speed; that he turned into his right lane and proceeded about thirty or forty feet when the other vehicle coming from the west crossed over into his lane and the two automobiles struck; that the vehicles came to rest in the south lane of the highway headed in a northerly direction and about six or seven feet apart with the front ends of the vehicles about the center of the highway. Appellee, Mrs. Woods, also called as an adverse witness, testified that she was traveling east on her side of the highway at a speed not exceeding 55 miles per hour and the Stieffel automobile came into the highway and cut over onto her side of the highway; that she was unable to get out of the way and the vehicles collided. Appellant testified that she was a passenger in the automobile being driven by Mrs. Wood; that Mrs. Wood was driving on the right hand side of the road and she saw the glaring light of the other automobile coming at them from the left and she did not

know any more as she was knocked unconscious. Appellant repeatedly stated that Mrs. Wood was on her right side of the road, that Mrs. Wood did not speed up or twist the car in any way, and that Mrs. Wood did not commit any negligent act before they hit. The physical evidence did not reveal where in the highway the impact took place.

■■ ■ We first consider the cross-appeal of appellee, Mrs. Wood. Appellant repeatedly stated that Mrs. Wood was on the south or right side of the highway and that Mrs. Wood did not commit any act of negligence contributing to the collision. If Mrs. Woods was negligent, it was in driving her automobile to the left and into the north lane of the highway. There was no proof that the speed of her automobile was a contributing cause of the accident. It should also be observed that it was not charged in the declaration that Mrs. Wood drove her automobile to the left and into the wrong traffic lane.

The general rule is that when a party testifies to positive and definite facts which, if true, would defeat his right to recover or conclusively show his liability, and such statements are not subsequently modified or explained by him to show that he was mistaken although testifying in good faith, he is conclusively bound by his own testimony, and cannot successfully complain if the court directs a verdict against him. Of course a party is not conclusively bound by admissions made out of court, by statements of other witnesses on his behalf, when the testimony is in the nature of opinions and conclusions, where it appears that the party was honestly mistaken in his expressed opinions and conclusions, if his mental faculties are impaired, where the the testimony is immaterial to the real issue, if the party's testimony is equivocal, or if the testimony is subsequently reasonably modified or explained. Anno., 50 A. L. R. 979; Anno., 80 A. L. R. 624; De Lorme v. St. Louis Public Service Co., (Mo.) 61 S. W. 2d 247; McCoy v.

Home Oil & Gas Company (Kan.), 60 S. W. 2d 715; Sutherland v. Davis, 286 Ky. 743, 151 S. W. 2d 1021; Stanolind Oil and Gas Company, et al v. State, et al (Tex.), 145 S. W. 2d 569; Kimmell, et al v. Tipton, et al, (Tex.) 142 S. W. 421; Yellow Cab Company of Virginia, Inc., v. Gulley, 169 Va. 611, 194 S. E. 683; Madden v. Red Line Service, Inc., (Mo.), 76 S. W. 2d 435; Vondra-shek v. Dignan, 200 Minn. 530, 274 N. W. 609; Southern Surety Co. v. Inabnit, et al (Tex.), 1 S. W. 2d 412; 31 C. J. S., Evidence, Sec. 381(d), p. 1173, et seq.; Cf. Shear-ron v. Shearron, 219 Miss. 27, 68 So. 2d 71.

██ ██ Appellant was positive and definite that Mrs. Wood was on her right side of the road and did nothing to cause the accident, and she should not have been allowed to go to the jury on a theory of fact that impeached her own positive testimony. Mrs. Wood was entitled to a peremptory instruction.

██ ██ It is contended by appellant that the verdict of the jury was against the overwhelming weight of the evidence. This is the only assignment of error as to appellee, Stieffel. No one testified that Stieffel did not stop before entering the highway intersection, and Stieffel testified that he did. The testimony was in conflict as to whether Stieffel drove his automobile into the south, or his left, traffic lane and thereby caused the collision with the Wood automobile. Stieffel testified that he cautiously entered the intersection and turned into his right lane and headed west and the Wood automobile came over into his lane and the two vehicles collided. Mrs. Wood and appellant testified to the contrary and said Stieffel drove his automobile into his left lane. The physical facts, testified to by an officer and a mechanic, were inconclusive as to the location of the point of the impact. The only issue properly before the jury was whether or not Stieffel was negligent. We are not able to say that the jury decided this issue contrary to the overwhelming weight of the evidence.

There was a conflict and nothing more. We are of the opinion that Stieffel is entitled to an affirmance.

Appellant cites the case of Mitchell-Davis Distributing Co. v. McDonald, (Miss.) 78 So. 2d 597. In that case, plaintiff was a passenger on the bus of the defendant, Laurel City Lines, Inc. There was a collision between the bus and the truck operated by one Speed for the defendant Mitchell-Davis Distributing Company. The plaintiff was granted a peremptory instruction to find for plaintiff, and the other instructions submitted for the determination of the jury the issue of fact as to whether one or the other, or both, of the defendants' drivers was guilty of negligence proximately causing plaintiff's injuries. We held that the granting of the peremptory instruction was proper. Appellant in the present case says that if the granting of a peremptory instruction was proper in the McDonald case it must be said that a verdict for both defendants in the present case was against the overwhelming weight of the evidence. But this argument is not valid here for the reason that Mrs. Wood was entitled to a peremptory, and the jury properly had before it only the issue of Stieffel's negligence.

Reversed in part on cross-appeal; affirmed on direct appeal.

*McGehee, C. J.,* and *Hall, Kyle* and *Arrington,* JJ., concur.