PATTERSON, Justice.
This is an appeal from a final judgment of the Circuit Court of Marshall County. Anna Williams, plaintiff below, brought an action for personal injuries against appellant, Lawrence Taylor, and Calvin W. Faulkner. The plaintiff’s declaration alleged that she was a passenger in an automobile which was owned and operated by the defendant, Lawrence Taylor, at the time it collided with an automobile owned and operated by the other defendant, Calvin W. Faulkner. The declaration specifically. alleges the following:
Plaintiff was riding as a passenger in the automobile owned and operated by defendant Lawrence Taylor * * *.
It further alleges as follows:
The said Falkner drove his car into the lane of traffic provided for the automobile of Defendant Taylor. Said Taylor failed to dim his lights and blinded said Falkner and said Falkner failed to bring his automobile to a stop or to turn aside and the said Taylor also failed to bring his automobile to a stop or turn the same aside in order to avoid said collision; as a result of said collision, which was a direct and proximate cause of the combined negligence of Defendants Taylor and Falkner, the plaintiff received grievous, painful, disabling and permanent injuries. * * *
The defendant Taylor admitted in his answer that he was the driver of the automobile in which the plaintiff was a passenger. In his answer he also admitted that he was the owner of the automobile, but was permitted to amend the' same so that it would conform to the uncontradict-ed evidence that title to the same was vested in Estella Taylor, defendant’s wife.
The plaintiff, while being cross-examined by the attorney of Faulkner, testified that “Pick,” meaning William Coleman, was driving the automobile in which she was a guest at the time of the accident and that Lawrence Taylor, alleged in the declaration to be the driver of the car,, was asleep on the back seat at the time the accident occurred. On cross-examination for the defendant Taylor, she' testified positively that Lawrence Taylor was not driving the car at the time of the accident, her testimony in this regard being as follows:
“Q. You say Lawrence Taylor wasn’t even driving the car?
“A. No, sir, Mr. Fant.”
*874 ******
“Q. And you tell this court and this jury that he wasn’t driving that car at the time of the accident?
“A. That is correct.”
******
“Q. Now, coming back you say Lawrence Taylor got in the back of the car?
“A. He got in the back of the car before we left from down there.
“Q. And William Coleman got on the front seat to drive ?
“A. If William Coleman is the one they call ‘Pick’, he is the one that was driving.”
When plaintiff rested her case, Taylor moved the court to dismiss the declaration as to himself for the reason the plaintiff’s testimony that he was not the driver of the automobile at the time of the accident precluded recovery on her part. This motion was overruled, but after all parties had rested, Taylor moved for a peremptory instruction for the same reason. We are of the opinion the court should have sustained this motion for a peremptory instruction.
In Bradshaw v. Stieffel, 230 Miss. 361, 367, 92 So.2d 565, 567 (1957), we held:
The general rule is that when a party testifies to positive and definite facts which, if true, would defeat his right to recover or conclusively show his liability, and such statements are not subsequently modified or explained by him to show that he was mistaken although testifying in good faith, he is conclusively bound by his own testimony, and cannot successfully complain if the court directs a verdict against him.
Appellant’s testimony was positive and definite that Lawrence Taylor was not the driver of the automobile at the time of the accident. Since there was no allegation and no proof that Coleman was the agent of Taylor, the only theory that plaintiff could recover upon was that of Taylor’s negligence, in some manner, being the proximate cause of the accident; but this theory is totally refuted by the plaintiff’s testimony aforesaid. Under these circumstances we are of the opinion the cause should not have been permitted to go to the jury on a theory of fact impeached by the plaintiff’s own testimony.
The appellee argues, however, that Taylor was bound by his answer in which he admitted that he was the driver of the automobile and which he, in fact, testified to as an adverse witness. We are of the opinion, however, that where a party, in full possession of his mental faculties, testified understandingly to a material fact, as distinguished from an estimate or approximation, such testimony is binding on him unless he subsequently gives some reasonable explanation of the testimony as having been the result of mistake, lapse of memory, or misunderstanding. Brawshaw, supra. Cf. Buntyn v. Robinson, 233 Miss. 360, 102 So.2d 126 (1958); Green (Palace Taxicab Co.) v. Middleton, 251 Miss. 818, 171 So.2d 500 (1965). Having so testified, the plaintiff will not be permitted to rely upon an admission to the contrary in the defendant’s answer in order to make out a case. Thomas v. Aines Farm Dairy, 257 S.W. 2d 228 (Mo.Ct.App.1953); Burris v. Kansas City Public Service Co., 226 S. W.2d 743 (Mo.Ct.App.1950).
We conclude that the position of the appellee in this regard is without merit. To use the courthouse jargon of the trial lawyer, the plaintiff “Swore herself out of court.”
We hold the trial court erred in not sustaining Taylor’s motion for a peremp *875 tory instruction after all parties had rested their case.
Reversed in part and dismissed as to Lawrence Taylor.
GILLESPIE, P. J., and RODGERS, JONES and ROBERTSON, JJ., concur.