GILLESPIE, Presiding Justice.
Suit was filed against James Richardson on behalf of Barbara Nichols, a minor, hereinafter referred to as plaintiff, to recover for personal injuries sustained in an automobile collision. The jury returned a verdict in favor of the defendant, judgment was entered accordingly, and plaintiff appealed.
The facts are stated in the light most favorable to defendant in view of the jury verdict.
Fulton Drive is a busy thoroughfare connecting that Industrial Park and the City of Corinth. It runs north and south and consists of three traffic lanes. The east and center lanes are marked by arrows for northbound traffic. The west lane is marked for southbound traffic. The west lane is 11 feet 2 inches wide and the east and center lanes are each 12 feet. Plaintiff lives in a house on the east side of Fulton Drive situated. 178 feet north of the crest of a slight rise in the street. The accident occurred at about 3:15 in the afternoon at a time when it was raining and the street was wet and slick. Plaintiff got into her mother’s car in the driveway of her home with five children ranging from two to ten years of age. She wiped off the inside of the windshield and had one of the children wipe off the interior rear window. She then began backing out of the driveway toward Fulton Drive. At about the same time two cars were traveling north on Fulton Drive. The first car was driven by one Gates and was occupying the east traffic lane. The defendant’s car was occupying the center lane and traveling at the same rate of speed as Gates and about two and one-half or three car lengths behind him.
Both vehicles were traveling 20 to 25 miles per hour. Gates saw the plaintiff’s car backing out of the driveway and veered over several feet into the middle lane as he passed her driveway. This was observed by the defendant. After Gates passed the plaintiff’s driveway, plaintiff backed out into Fulton Drive and Gates heard a collision almost immediately after he had passed plaintiff’s driveway. Gates stopped within 100 feet of the plaintiff’s driveway. The collision took place in the defendant’s lane of traffic, which was the northbound middle lane. The testimony indicated that the point of impact was close to the west line of the middle traffic lane, within a foot or two of the west lane. The left front of the defendant’s car struck the left front of the plaintiff’s car.
In general, defendant’s version of the accident was that he was traveling north in the middle lane at a speed of 20 to 25 miles per hour. He was following the Gates automobile which was two and one half to three car lengths ahead of him and occupying the east lane. Plaintiff suddenly shot out of her driveway behind the Gates car and in front of the defendant’s car. He testified that he put on his brakes and skidded straight down the middle lane of traffic. He struck the plaintiff’s car which was partly over into the middle lane headed slightly southeast with most of her vehicle in the southbound lane. Plaintiff’s version of the accident varied somewhat in her direct and cross-examination. She testified that she backed into the street before defendant came over the slight rise to the south and at a time when he was more than 300 feet south of the driveway. She also said that defendant was going from one side of the road to the other. Another time she testified that the defendant was *841 skidding sideways as he came down the street toward her car.
Plaintiff concedes that the jury could find plaintiff guilty of negligence and could reduce the damages according to the comparative negligence statute. She contends, however, that defendant was negligent, as a matter of law, because he testified that he did not see plaintiff’s car until it had backed across the street and was headed in a southerly direction partially in the west and center lanes. Plaintiff cites in support of this argument several cases wherein this Court held that a person operating a motor vehicle is negligent when he fails to see what he should have seen. Plaintiff’s counsel did elicit from defendant an admission as above stated, but the admission was in response to a s|atement made by counsel on cross examination followed by another statement admonishing defendant to be frank with the court, and then an inquiry as to whether the statement was true. The defendant answered in the affirmative. Defendant was called as an adverse witness and stated that he did not see plaintiff’s car while it was in her driveway; that when Gates passed plaintiff shot out across the street into his lane. He testified that when he was a car and a half or two car lengths away, he saw her car after it had crossed the easternmost lane and was “going into the second and third lane,” and that he did not see it in the east lane. He was then asked the question on which plaintiff’s argument is based as follows:
Q. You didn’t actually see her car, as you were driving down that highway, until it had come to a stop on the west side of the highway, part of it was in the west lane, and part of it in the center lane, and she had actually made a movement driving to the south. Be frank with this jury and tell us. Isn’t that a fact?
A. Yes, sir.
The jury could believe from the full context of defendant’s testimony, along with the other testimony, that defendant did not see the plaintiff’s car before it .came into the street because his view was obstructed by the Gates car, and that the swerving of the Gates car focused his primary attention to that vehicle. The jury was justified in believing the defendant when he said he saw the plaintiff’s car after it had crossed the east lane and that in the exercise of reasonable care under the circumstances he was not negligent in not seeing it before then. According to the undisputed testimony of Gates the collision occurred immediately after he passed and after the elapse of probably a fraction of a second. Without looking plaintiff backed her car into a busy thoroughfare immediately behind the Gates car and in front of the defendant’s car. The jury was warranted in finding that these vehicles were about two and a half or three car lengths apart.
In our opinion the question of defendant’s negligence was a jury question and that the verdict is in accord with the weight of the evidence.
Plaintiff next contends that appellee is bound by his testimony that he did not see the plaintiff’s car until it had backed across the two east lanes and was starting its movement south, and that this testimony conclusively establishes his negligence in failing to keep a proper lookout. She relies on Bradshaw v. Stieffel, 230 Miss. 361, 92 So.2d 565 (1957). We are of the opinion that defendant’s testimony does not bring the case within the ambit of the rule laid down in the Bradshaw case. The court there said:
The general rule is that when a party testifies to positive and definite facts which, if true would defeat his right to recover or conclusively show his liability, and such statements are not subsequently modified or explained by him to show that he was mistaken although testifying in good faith, he is conclusively bound by his own testimony and cannot successfully complain if the court *842 directs a verdict against him. 230 Miss. at 367, 92 So.2d at 567.
In the Bradshaw case the testimony which bound appellant Bradshaw was positive and unequivocal. In the instant case defendant’s testimony was that plaintiff shot out across the street in front of him, that he saw her after she crossed the east traffic lane. The statement which plaintiff says is binding on defendant was not his words, but those of plaintiff’s attorney. When the entire testimony of defendant is considered with the undisputed and physical facts, it is at least doubtful whether defendant intended to adopt counsel’s statement as his testimony.
Plaintiff assigns several errors relating to the instructions. Each party received numerous instructions and it is highly unlikely that the jury was mislead by any error therein, if there was any error. In our opinion the verdict is in accord with the weight of the evidence. There is no reversible error in the record and the case should be affirmed.
Affirmed.
RODGERS, JONES, PATTERSON, and ROBERTSON, JJ., concur.