286 So.2d 291 (1973)
James O'Neal GATES
v.
Troy Lane MURPHREE.
No. 47230.
Supreme Court of Mississippi.
October 1, 1973.
Rehearing Denied December 17, 1973.
Paul M. Moore, Calhoun City, Armis E. Hawkins, Houston, for appellant.
Yancy & Easley, Bruce, for appellee.
Before GILLESPIE, C.J., and PATTERSON, INZER, SMITH and SUGG, JJ.
Affirmed.
PATTERSON, Justice:

ON PETITION FOR REHEARING
Troy Lane Murphree sued Danny Haire and James O'Neal Gates in the Circuit Court of Calhoun County for personal injuries sustained in an automobile accident. The jury returned a verdict for Murphree against both defendants. Haire did not appeal; Gates did.
The case was affirmed on a former day without opinion. Gates filed a petition for rehearing which was considered by the Court en banc, resulting in a denial of the petition for rehearing.
*292 The accident occurred on state highway No. 32 in Chickasaw County. Three vehicles were traveling in the same direction. The lead vehicle was a pickup truck driven by Mrs. Ruby Pettit. The next vehicle was a pickup truck driven by James O'Neal Gates, and the third vehicle was an automobile driven by Danny Haire in which Troy Lane Murphree, the plaintiff, was a passenger. When the first vehicle was nearly around a looping curve, Gates began to pass the Pettit pickup truck. At that place or some point thereafter the Haire automobile attempted to pass the Gates vehicle. The Haire automobile ran onto the left shoulder, where it hit a mailbox and turned over without touching either of the other vehicles. The two lead vehicles were traveling about forty to fifty miles per hour when Gates began passing Mrs. Pettit's pickup truck. The Haire automobile was traveling at a high rate of speed of approximately sixty-five or seventy-five mile per hours, although there is testimony that it slowed down upon entering the curve. This skeletal statement of the facts is sufficient for the purpose of discussing the question raised by the petition for rehearing.
The trial court instructed the jury to find for plaintiff against defendant Haire. The jury was instructed that defendant Gates was negligent as a matter of law, but did not instruct the jury to find against Gates, thus submitting to the jury the question whether Gates' negligence was a proximate contributing cause of the accident and resulting injuries to plaintiff.
Gates contends that the trial court erred in instructing the jury that Gates was negligent as a matter of law.
As often said by this Court, the Court must look solely to the testimony in behalf of the party against whom the directed verdict is requested and consider that testimony as true along with all inferences which could be drawn therefrom favorable to such party, and if such evidence could support a verdict for him, the directed verdict or peremptory instruction should not be given. However, it is equally well settled that a litigant is bound by his own positive testimony to definite facts which, if true, would conclusively show his liability.
The major premise of Gates' argument is that he attempted to pass the Pettit pickup truck after both vehicles had rounded the curve and were in a straight stretch of road. This is not borne out by the record. Gates testified that he was at the driveway of Lloyd Collums when he attempted to pass Mrs. Pettit and identified the place by the number "2" on a photograph which appears in the record as Exhibit No. 1. This photograph shows without question that Gates attempted to pass in the curve. This Exhibit 1, together with Exhibit 3, indicates that at the place where Gates began his pass he could see the highway in front of him for a substantial distance, but these two photographs also show that his view was obstructed to his rear because of the curve.
There are two pertinent statutes. Mississippi Code Annotated section 63-3-611 (1972) provides in part as follows:
(2) No vehicle shall, in overtaking and passing another vehicle or at any other time, be driven to the left side of the roadway under the following conditions:
a. When approaching the crest of a grade or upon a curve in the highway where the driver's view along the highway is obstructed;
......
The foregoing statute must be read along with Code section 63-3-707, which is, in part, as follows:
No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and then only after giving a clearly audible signal by sounding the horn if any pedestrian may be affected by such movement or after giving an appropriate signal in the manner *293 provided in this article in the event any other vehicle may be affected by such movement.
Subsection (2)(a) of section 63-3-611 prohibits overtaking and passing another vehicle "upon a curve in the highway where the driver's view along the highway is obstructed." Subsection (1) deals with oncoming traffic, and it is clear that the legislature intended that subsection (2)(a) be concerned not only with oncoming traffic but with traffic to the rear. If a driver cannot see to the rear, he cannot comply with the requirements of section 63-3-707. Both sections 63-3-611 and 63-3-707 place the burden upon the passing vehicle to see that such movement can be made with reasonable safety. And section 63-3-611 prohibits in all events the passing upon a curve when the view along the highway is obstructed. Gates testified that he looked in his rear view mirror and did not see the Haire vehicle. Accepting his testimony as true, this does not absolve him from negligence, for he was violating a statute intended to prevent passing when a driver cannot see a vehicle behind him because of the curve.
Violation of the rule against passing upon a curve was one of the charges of negligence made by the declaration. This charge was established by Gates' own testimony and he is bound thereby. Bradshaw v. Stieffel, 230 Miss. 361, 92 So.2d 565 (1957). In Bradshaw the issue was whether the defendant was on the left side of the highway. The plaintiff testified that defendant was on the right (correct) side, and the Court held she was bound thereby because her testimony showed defendant was not negligent. In so ruling the Court said:
The general rule is that when a party testifies to positive and definite facts which, if true, would defeat his right to recover or conclusively show his liability, and such statements are not subsequently modified or explained by him to show that he was mistaken although testifying in good faith, he is conclusively bound by his own testimony, and cannot successfully complain if the court directs a verdict against him. 230 Miss. at 367, 92 So.2d at 567.
The trial court stated in his opinion that he gave the instruction that Gates was negligent as a matter of law because of the rule laid down in Layton v. Cook, 248 Miss. 690, 160 So.2d 685 (1964), which held that a motorist was responsible for seeing what he should have seen. The Layton case has application to the charge that Gates was negligent in failing to keep a lookout, but we find it unnecessary to develop this aspect of the case because the granting of the instruction that Gates was negligent was correct for reason already stated. The question here is whether the trial judge was correct, not what reasons he gave for his ruling.
The jury was not peremptorily instructed as to proximate cause, and whether Gates' negligence was remote or whether the negligence of Haire was the sole proximate cause of the accident was left for the jury to determine.
Petition for rehearing denied.
All Justices concur.