363 So.2d 548 (1978)
Orin VISE, Jr., Administrator of the Estate of Paul N. Vise
v.
Rebecca Elizabeth VISE. Orin Vise, Jr.
v.
Leilani F. GUSTA, a minor, By and Through Mrs. Yvonne Harris, mother and next friend.
Nos. 50702, 50858.
Supreme Court of Mississippi.
October 25, 1978.
*549 Bryan, Nelson, Allen & Schroeder, John W. Chapman, Pascagoula, for appellant.
Hurt & Dickerson, Gerald A. Dickerson, Lucedale, Guy C. Faggard, Pascagoula, Sidney A. Barnett, Lucedale, for appellee.
Before SMITH, LEE and COFER, JJ.
LEE, Justice, for the Court:
Rebecca Elizabeth Vise and Leilani F. Gusta filed separate suits against Orin Vise, Jr., Administrator of the Estate of Paul Vise, Deceased, and Jed Dixon in the Circuit Court of George County for personal injuries sustained in an automobile collision. The cases arose out of the same collision but were tried separately. Judgments were entered on jury verdicts in favor of Rebecca Elizabeth Vise in the amount of five thousand dollars ($5,000) and in favor of Leilani F. Gusta in the amount of ten thousand dollars ($10,000) and Vise appeals here.
The cases have been consolidated on appeal, and, although Dixon has not appealed and is not a party to this appeal, he filed a brief contending that the judgments should be affirmed against both defendants. That brief has been stricken on Motion of the appellant.
On July 4, 1976, appellees, Leilani (Lonnie) Gusta, age 13, and Rebecca Elizabeth Vise, age 12, along with two other children, were riding in the back seat of a Nova automobile driven by their friend and cousin, Paul Vise, along a rural road in George County. Paul Vise was the only occupant of the front seat. The vehicle proceeded in a southerly direction on the dirt road and entered a "blind curve" which turned to the right. He met a Chrysler automobile in the curve and a head-on collision occurred between the two vehicles. Paul Vise died as a result of injuries sustained and appellees received injuries.

I.
Did the trial court err in declining to grant a directed verdict in favor of appellant?
Appellant contends that the testimony of appellees exonerated Vise from any negligence and that the court should have sustained his motion for a directed verdict. He cites Bradshaw v. Stieffel, 230 Miss. 361, 92 So.2d 565 (1957). Bradshaw held that where the plaintiff testified that a defendant was driving on her proper side of the road and did not speed up or twist in any way and did nothing to cause the accident, and where the physical evidence did not reveal the point of impact, the plaintiff was bound by such testimony and could not complain, if the court directed a verdict against her.
In Callender v. Cockrell, 217 So.2d 643 (Miss. 1969), quoting from Bradshaw, the Court stated:
"Ordinarily, a plaintiff is bound by his own testimony as to facts of which he professes direct knowledge, and may not recover upon the basis of evidence of another witness or other witnesses who give directly opposing evidence. Bradshaw v. Stieffel, 230 Miss. 361, 92 So.2d 565 (1957)." (Emphasis added) 217 So.2d at 647.
*550 However, in the Callender case, this Court stated: "There is not a scintilla of evidence capable of supporting a finding that Mrs. Callender's negligence in failing to give a signal of her ultimate intention to turn right was a proximate contributing cause of the collision." 217 So.2d at 647. The Cockrell car, in which appellee there was riding, had followed the Callender vehicle for quite a distance at speeds from twenty (20) to thirty-five (35) miles per hour and ran into its rear. The facts of Callender and Bradshaw distinguish those cases from the case at bar.
In the present case, appellant contends that appellees testified the Vise automobile never crossed the center of the dirt road, that it remained completely in the Vise part of the road, that the speed of the vehicle was from twenty (20) to twenty-five (25) miles per hour and from thirty (30) to thirty-five (35) miles per hour, and that such testimony completely exonerated Vise from negligence.
An investigating officer testified that tire marks from the Vise automobile crossed the center of the road approximately eighteen (18) inches into the lane traveled by the Dixon automobile. Dixon testified that the two vehicles collided in the middle of the road, and that the Vise vehicle suddenly appeared before him. On motion for directed verdict, all testimony and evidence favorable to the party against whom the directed verdict is requested, together with all reasonable inferences flowing therefrom, are taken as true, while evidence favorable to the party requesting the directed verdict is disregarded, if in conflict. Paymaster Oil Mill Company v. Mitchell, 319 So.2d 652 (Miss. 1975). Applying the principle announced in Paymaster, we are of the opinion that the facts, together with all inferences, in both cases, presented a question of liability and damages for the jury. See also Shearron v. Shearron, 219 Miss. 27, 68 So.2d 71 (1953) and Smith v. Illinois Central R.R. Co., 214 Miss. 293, 58 So.2d 812 (1952).
The appellant next contends under this assignment that appellees' proof did not conform to the pleadings in that the amended declarations did not charge appellant crossed the center of the dirt road and that the collision occurred in the Dixon lane of travel. No objection was made to such testimony and evidence when offered, and since appellees could have amended the declarations to conform with the proof had objection been made, we hold that the point was waived. Furthermore, appellant requested, and was granted, Instruction D-2-10 in Cause # 50,858, which told the jury that the plaintiff must establish by a preponderance of the evidence that Vise's vehicle was across the imaginary center line of the road in the lane of traffic occupied by Dixon before it could return a verdict for appellee Gusta. Having submitted that issue to the jury, appellant cannot now complain here.

II.
Did the trial court err in granting Instruction P-14 requested by appellee over appellant's objection and in sustaining appellee's objection to Instruction D-2-5 requested by appellant, both in Cause # 50,702 and # 50,858?
Instruction P-14 told the jury that, if it believed Vise was guilty of negligence by operating his vehicle at an excessive rate of speed under the conditions then and there existing, and by failure to have proper and easy control over said automobile, at the time and place in question, and that said negligence, if any, proximately caused or contributed to plaintiff's injuries, then the jury should find against Vise.
Appellant objected to the instruction on the ground there was no testimony that he was operating the vehicle at an excessive speed. The photographs of the scene indicate a dangerous blind curve, the testimony of Dixon was to the effect that the Vise vehicle suddenly appeared before him and the testimony of appellees was that the Vise vehicle was being driven from 20 to 25 miles per hour and from 30 to 35 miles per hour. Although testimony of an investigating officer indicated that the curve could be *551 safely negotiated at those speeds, the speed factor was a question for the jury to determine and Instruction P-14 was properly granted.
Instruction D-2-5, refused by the court, set forth that the plaintiff must establish by a preponderance of the evidence that Vise's vehicle was across the imaginary center line of the road, in the lane of traffic occupied by Dixon and, if the jury was unable to determine such fact, except by conjecture, surmise and speculation, then a verdict should be returned for defendant Vise.
Assuming arguendo that the phrase "conjecture, surmise and speculation" did not render the instruction erroneous, since there was direct evidence to the contrary, Instruction P-3 and all other instructions read together, properly submitted the issue to the jury.

III.
Did the trial court err in granting appellees' requested Instructions P-3, P-5, P-12 and P-13?
Instruction P-3 told the jury that if it believed from a preponderance of the evidence Vise was operating his automobile over the "centerline of the road at the time of the accident and that such negligence, if any, together with negligence of Jed Dixon, if any, caused or contributed to the injuries of plaintiff, then the verdict should be for plaintiff against both defendants." Appellant objected to the instruction on the ground that there was not sufficient evidence that Paul Vise crossed the center line. Evidence relating to this issue has been stated supra and the instruction was properly granted.
Instruction P-5 set forth that, if Dixon and Vise were guilty of negligence which proximately caused or contributed to plaintiff's injuries, then it was the jury's duty to return a verdict for plaintiff against both defendants. The objection to P-5 was the same as to P-3, that there was no evidence to submit to the jury negligence of Vise, and the instruction was properly given.
Instruction P-12 stated that the driver of a motor vehicle must decrease speed when approaching and going around a curve and when traveling upon any narrow or winding roadway and that, if the defendant did not do so, and that such failure to decrease speed was a direct proximate cause of the accident, then a verdict should be returned for the plaintiff. Appellant objected to P-12 on the ground that it did not charge that Paul Vise was violating the law by driving at a reckless speed. The objection did not state a proper ground, and there was no error in granting such instruction.
Instruction P-13 told the jury that, if it believed Vise was guilty of negligence by driving his automobile at an excessive speed under the conditions then and there existing, and by failure to have proper and easy control over his automobile at the time and place in question, and that such negligence, if any, proximately caused or contributed to plaintiff's injuries, then the jury should return a verdict for plaintiff against Vise. The objection to P-13 was that no evidence indicated Vise was operating his vehicle at an excessive rate of speed or failed to have his vehicle under control. As stated supra, the facts presented such a question for the jury.
There being no reversible errors in the trials, the judgments are affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, BOWLING and COFER, JJ., concur.
SUGG, J., took no part.