SMITH, Presiding Justice,
for the Court:
This ease involves an action for damages for personal injuries brought by Alfred Huffman in the Circuit Court of Chickasaw County against his employer, Houston Dairy, Inc. At the conclusion of plaintiff’s case, the Circuit Court Judge directed the jury to return a verdict for the defendant. From the final judgment entered, Huffman appeals.
The action was based upon the alleged negligence of the employer in failing in its duty to furnish. Huffman, its employee, with safe machinery with which to do his work. The defense was to the effect that the sole proximate cause of Huffman’s injury was his own negligence and that no negligence on the part of the employer had proximately caused or contributed thereto.
A detailed statement of the case made by plaintiff’s evidence is not deemed necessary here. It is enough to say that an examination of the record has convinced us that, assuming to be true all that the evidence proved or reasonably tended to prove, with such inferences as might reasonably be drawn from it, favorable to plaintiff, a sufficient case for submission to the jury was made out. It was error to direct a verdict for Houston Dairy in such circumstances.
In King v. Dudley, 286 So.2d 814 (Miss.1973), the rule was stated thus:
As stated in cases too numerous to require citation, the rule is that in ruling on a motion for a directed verdict the court must look only to the testimony in behalf of the party against whom the motion is made and when that testimony is considered as true, along with all reasonable inferences which could be drawn therefrom could support a verdict, then the directed verdict should not be given. And in such event, the motion should be overruled even though a verdict in favor of the party against whom the motion is made would be contrary to the overwhelming weight of the evidence. .
See also: Gates v. Murphree, 286 So.2d 291 (Miss.1973), Mississippi Utilities Co. v. Smith, 166 Miss. 105, 145 So. 896 (1933).
On the present record, the evidence would seem capable of supporting a jury finding of negligence on the part of one or both parties. In reversing and remanding the case for retrial it is not to be understood that it is intended to exclude the application by the jury of the doctrine of comparative negligence to the facts as they may be developed by the evidence on retrial.
Nor is the decision to be construed as foreshadowing any particular view as to what the ultimate outcome of the case should be. It extends no further than holding that this is a case in which the questions of negligence, contributory negligence and proximate cause are for the jury.
The case is reversed and remanded for a new trial in order that the issues of negligence, contributory negligence and proxi- . mate cause may be submitted to a jury for resolution.
REVERSED AND REMANDED.
PATTERSON, C. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.