# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-IA-00854-SCT

*SANDERSON FARMS, INC. AND GEORGE
VARNADO*

*v.*

*D. D. McCULLOUGH*


DATE OF JUDGMENT:                    05/20/2015
TRIAL JUDGE:                         HON. DAVID H. STRONG, JR.
COURT FROM WHICH APPEALED:           LINCOLN COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANTS:            RICHARD O. BURSON
                                     SHIRLEY M. MOORE

ATTORNEY FOR APPELLEE:               ORVIS A. SHIYOU, JR.
NATURE OF THE CASE:                  CIVIL - PERSONAL INJURY
DISPOSITION:                         REVERSED AND RENDERED - 02/02/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:


**EN BANC.**

**BEAM, JUSTICE, FOR THE COURT:**

¶1.     This case comes to the Court on interlocutory appeal of the Lincoln County Circuit court's Order Denying the Defendant's Motion for Summary Judgment. Although the plaintiff's overarching claim is framed in negligence, it factually sounds in intentional tort and is subsequently barred by the one-year statute of limitations under Mississippi Code Section 15-1-49. Therefore, this Court reverses the trial court's Order Denying Summary Judgement and renders a verdict in favor of the Defendant.

## FACTS

¶2.    The following facts are disputed, though they have been summarized based on both party's briefs, deposition transcripts, and trial court orders.[1]

¶3.    On May 24, 2010, Plaintiff/Respondent D.D. McCullough was injured when he was struck by a vehicle driven by Petitioner/Defendant George Varnado.  Varnado, an employee of Petitioner/Defendant Sanderson Farms, Inc., visited McCullough's chicken farm that afternoon to inspect its chicken houses, as directed by his employer.  Consistent with a Boiler Production Agreement (BPA) McCullough signed earlier that year,[2] Varnado sought to conduct a routine evaluation of the chicken-house conditions to ensure they met the standards under the contract.

¶4.    Throughout his inspection, Varnado discovered deficiencies in violation of the BPA, after which he returned to the cab of his truck and began to write a deficiency report. McCullough approached Varnado's vehicle and asked what he was doing, to which Varnado responded,  that he was "writing deficiencies."[3]  Recognizing this report would affect the terms of the BPA and potentially terminate his contract, McCullough stood at the closed driver's side window and shouted to Varnado,"you lied to me, you gave me four days . . . its

---

[1]Whether George Varnado actually hit D.D. McCullough, and if so, whether he hit McCullough intentionally, is under dispute.  McCullough's complaint alleges that Varnado negligently hit him with his truck, while Varnado denies any claims that he hit McCullough with his truck, negligently or otherwise.

[2]McCullough and his wife began their employment with Sanderson in 1998 when they signed their first BPA.  The couple entered subsequent BPAs with the company over the course of the next ten years, with the most recent agreement signed on January 4, 2010.

[3]Unless othewise noted, quoted language throughout the fact section was derived from excerpts of McCullough's deposition transcript.

[sic] only been two!" He then moved in front of Varnado's truck and yelled at him to get out to talk about the report. Varnado remained in the truck, with the doors locked and window closed, refusing to exit the vehicle.

¶5.     McCullough continued to urge Varnardo to "get out and talk." Without warning or a discernable request to leave the property,[4] Varnado then "mashed the gas," striking McCullogh with the vehicle. This contact forced McCullough back roughly two feet but did not cause him to fall. He again urged Varnado to get out and talk, but Varnado refused and instead moved his truck "straightforward," hitting McCullough a second time. McCullough again stumbled backward, though he did not fall.

¶6.     McCullough approached the vehicle a third time and implored Varnado to get out and talk, while Varnado continued to yell inaudible responses from the safety of the truck cab. Varnado then moved the truck forward and "went straight through," knocking McCullough's "ass off," causing him to fall and hit his head on the truck's bumper. The impact pushed McCullough to the side of the truck, after which Varnado continued to drive off and exited the property.

¶7.     Following the altercation, Varnado returned to McCullough's property, accompanied by several Sanderson officials and a deputy sheriff. The officials and the deputy approached McCullough's home in an effort to discuss the incident. They requested that McCullough go with them to the Sanderson office to discuss it further, but he refused and said that he was

_____

[4]McCullough's deposition testimony notes that while Varnado was shouting in his truck, he could not make out what was being said because the doors were closed and the windows were rolled up. When asked if it was possible that Varnado was requesting to leave, McCullough said no.

3

going to the emergency room instead. The officials, Varnado, and the deputy then left the property.

¶8. On May 26, two days following the incident, McCullough received a letter from Sanderson, terminating the BPA. The termination letter cited the BPA and noted that McCullough had violated both the duty to not interfere with Sanderson employees in the execution of their duties and the duty to not use threatening language toward those same employees. That same day,[5] Sanderson officials removed roughly 99,000 chickens and their supplies from McCullough's farm and severed the relationship.

¶9. McCullough subsequently filed two lawsuits; the first, which alleged Sanderson's breach of contract, was dismissed on summary judgment. The second–the case at hand–alleges that Varnado (and, as a result, Sanderson) breached the duty of reasonable care to operate a motor vehicle safely when Varnado failed to allow McCullough to move out of the truck's path prior to accelerating forward. Following a period of discovery, Sanderson and Varnado moved for summary judgment, claiming that McCullough's suit alleged a tort in negligence where, factually, the actions identified would constitute an intentional tort. Sanderson asserts that, sounding in intentional tort, McCullough's claims are time-barred and the suit should be dismissed.

¶10. The trial judge reviewed the partys' arguments and determined that, because Varnado denies having hit McCullough with his truck, much less intentionally doing so, a genuine

---

[5]The termination letter indicates that the day the letter was received, the chickens would be removed from the property, though McCullough stated he thought the chickens were removed on the twenty-fifth, the day before the letter was received. This discrepancy is of no consequence.

issue of material fact exists surrounding the claims. The court denied the defendant's motion, and Sanderson filed this appeal.

¶11. On interlocutory appeal, and in their motion for summary judgment, Sanderson and Varnado (collectively, Defendants) argue the following issues:

I. *Whether Plaintiff's sworn testimony demonstrates he alleges an intentional tort which is barred by the one-year statute of limitations.*

II. *Whether Sanderson is liable for the intentional acts alleged by Plaintiff.*

III. *Whether Plaintiff has abandoned any claim against Sanderson related to the May 24, 2010, incident for failing to comply with the party's contractual dispute-resolution procedure.*

IV. *Whether Plaintiff's claim of negligent supervision is properly before this Court and whether it demonstrates that he alleges an intentional tort, not negligence.*

Because we find that McCullough's claims are grounded in intentional tort, rather than negligence, they are accordingly time-barred. As all other issues are now immaterial, we address only the petitioner's first issue.[6]

---

[6] If properly submitted to the Court, we would address Issue IV and affirm the trial court's decision to deny summary judgment on that issue alone. However, the only mention of Sanderson's negligent supervision is asserted in McCullough's response to the defendant's motion for summary judgment. Therein, McCullough asserts that, within his complaint, he initially alleged that Sanderson is "liable for the injuries and damages he sustained as a result of acts and omissions" by the defendants. These acts and omissions made Sanderson "at least, negligent in its supervision of Varnado. What company would grant an employee the authority to intentionally injure another[?] Thus, Sanderson was negligent in its supervision of Varnado by not ensuring he would not intentionally injure people with whom it had contracted."

In his complaint, McCullough notes that the "negligent acts and omissions of the Defendants proximately caused damages to Plaintiff . . . ." While Mississippi employs a liberal pleading standard through Rule 8 of the Mississippi Rules of Civil Procedure, this "short and plain statement" fails to set forth a claim including "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under

5

## STANDARD OF REVIEW

¶12.    This Court employs the *de novo* standard when reviewing a lower court's grant or denial of summary judgment and examines all the evidentiary matters before it, including admissions in pleadings, answers to interrogatories, deposition testimony, affidavits, etc. *McMillan v. Rodriguez*, 823 So. 2d 1173, 1176-77 (Miss. 2002), citations omitted. Summary judgment is properly granted when the "pleadings, depositions, answers to interrogatories, and admissions on file . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. (56)(c). The evidence must be viewed in the light most favorable to the nonmoving party. *Simpson*, 880 So. 2d at 1050. However, that party's claim must be

some actionable legal theory." *Carter v. Reddix*, 115 So. 3d 851 (Miss. 2012). *See also Penn. Nat'l Gaming, Inc. v. Ratliff*, 954 So. 2d 427, 432 (Miss. 2005). "Even under [these] liberal pleading requirements, a plaintiff must set forth factual allegations . . . respecting each material element necessary to sustain recovery under some actionable legal theory; however, the pleadings need only provide sufficient notice to the defendant of the claims and grounds upon which relief is sought." *Scott v. City of Goodman*, 997 So. 2d 270 (Miss. 2008) *(*citing M.R.C.P. 8(a)).

    To that end, the Mississippi Court of Appeals has held that, without warning or reason to know or anticipate that an employee would behave in a violent manner, an employer cannot be held to be liable on an improper training or supervision theory of liability. *Holmes v. Campbell Props., Inc*., 47 So. 3d 721, 729 (Miss. Ct. App. 2010). When there is "no contradicting evidence of prior actual or constructive knowledge of . . . violent nature[, or] any indication of any actual or constructive knowledge that an atmosphere of violence existed [at employee's worksite]," an employer cannot be held to have acted unreasonably. *Id*. This Court has repeatedly supported this view in various negligence cases against employers. *See* **Simpson v. Boyd**, 880 So. 2d 1047 (Miss. 2004); *Country Club of Jackson v. Turner*, 192 Miss. 510, 4 So. 2d 718, 721 (1941). Because McCullough does not formally plead knowledge or presence of violent tendencies and only briefly alleges negligent supervision in his response to a motion by the defense, the issue of whether Sanderson was negligent in its supervision of Varnado is not properly before this Court.

supported by more than a mere scintilla of colorable evidence; it must be evidence upon which a fair-minded jury could return a favorable verdict. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." ***Galloway et al. v. The Travelers Ins. Co., et al.,*** 515 So. 2d 678, 683 (Miss. 1987). If, in this view, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment should be granted in his or her favor. ***Anderson***, 477 U.S. 242, 248.

## LAW AND ANALYSIS

**Whether Plaintiff's sworn testimony demonstrates he alleges an intentional tort which is barred by the one-year statute of limitations.**

¶13.    While McCullough alleges negligence in his complaint, calling for the application of the three-year statute of limitations, this Court is not bound by the claims set forth in his petition.[7] Instead, "'[t]he law of the state is realistic. Substance prevails over form.'"[8] The question before this Court is whether the *substance* of McCullough's claim against Varnado and Sanderson sounds in intentional tort or negligence. The evidence presented to support the claim alleged in McCullough's complaint–while pleaded as an action in

---

[7]"[This Court] is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. We therefore reject the notion that a court must accept as 'having an arguable basis in fact,' all allegations that cannot be rebutted by judicially noticeable facts." ***Bilbo v. Thigpen***, 647 So. 2d 678, 689 (Miss. 1994) (quoting ***Denton v. Hernandez***, 504 U.S. 24, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992)).

[8] ***Kozan v. Comstock***, 270 F.2d 839, 846 (5th Cir. 1959) *(quoting **Travis v. Bishoff**,* 143 Kan. 283, 54 P.2d 955, 956 (1936).

7

negligence–supports a claim generically akin to a common-law assault and battery: an intentional tort.

¶14.    Under Section 15-1-35 of the Mississippi Code, civil actions for enumerated intentional torts–including assault, battery, and recently, intentional infliction of emotional distress[9]–must be filed within one year of the injury alleged.[10]  While this Court "will not squeeze all intentional wrongs into the actions enumerated, . . . [if] . . . the conduct alleged may be fairly categorized as one of the enumerated torts, the one-year statute applies. Otherwise, it does not." *Nichols v. Tri State Brick & Tile Co.*, 608 So. 2d 324, 333 (Miss. 1992).  Here, the fact that McCullough did not allege an intentional tort "is of no moment, as [t]here can be no escape from the bar of the statute of limitations applicable to intentional torts by the mere refusal to style the cause brought in a recognized statutory category and thereby circumvent prohibition of the statute." *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1215 (Miss. 1990) (citing *Dennis v. Travelers Ins. Co.,* 234 So. 2d 624, 626 (Miss.1970)).  The conduct alleged–though framed in negligence–is notably like the intentional torts of assault and battery and should be treated as such.

---

[9]"Intentional infliction of emotional distress is *of like kind or classification* as the torts enumerated in Mississippi Code Section 15-1-35, and is therefore barred by a one-year statute of limitations." *Jones v. Fluor Daniel Servs. Corp*., 32 So. 3d 417, 425 (Miss. 2010).

[10] "All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after."  Miss. Code Ann. § 15-1-35 (Rev. 2013).

8

¶15.    The incident at McCullough's farm occurred on May 24, 2010, though the claims against Sanderson and Varnado were not filed until June 17, 2011–roughly one month beyond the running of the statute of limitations for intentional torts.  All issues presented in this appeal depend on the substantive basis of McCullough's claims and whether Varnado acted intentionally or negligently when he hit McCullough with his truck.  If he acted intentionally, McCullough's claims are time-barred; if he acted negligently, then the claims are timely under Mississippi Code Section 15-1-49 and its three-year limitations period.

¶16.    The intentional tort of assault "occurs where a person (1) acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such contact, and (2) the other is thereby put in such imminent apprehension."  *Morgan v. Greenwaldt*, 786 So. 2d 1037, 1043 (Miss. 2001) (citing *Webb v. Jackson*, 583 So. 2d 946, 951 (Miss. 1991)).  However, an action done without the requisite intent "does not make the actor liable to the other" for the apprehension caused, "although the act involves an unreasonable risk of causing it and, therefore, would be negligent or reckless if the risk threatened bodily harm." *Restatement (Second) of Torts*, § 21 (1965).  "Intent is an emotional operation of the mind, and is usually shown by acts and declarations of the defendant coupled with facts and circumstances surrounding him at the time. Defendant's intention is manifested largely by the things he does." *Mississippi State Bd. of Nursing v. Wilson*, 624 So. 2d 485, 494 (Miss. 1993).  While the question of intent generally is a question of fact reserved for the jury, "it is well settled that intent may be shown by circumstances." *Id*.  Further, "[a ] battery goes one step beyond an assault in that

9

a harmful contact actually occurs." *Greenwaldt,* 786 So. 2d at 1043 (citing *Restatement (Second) of Torts*, § 18 (1965)).

¶17.  Alternatively, to prevail on a claim of negligence, the "plaintiff must establish by a preponderance of the evidence each of the elements of negligence: duty, breach, causation and injury."  *Miss. Dep't of Mental Health v. Hall*, 936 So. 2d 917, 922 (Miss. 2006) (quoting *Miss. Dep't of Transp. v. Cargile*, 847 So. 2d 258, 262 (Miss. 2003), *overruled on other grounds by Miss. Transp. Comm'n v. Montgomery*, 80 So. 3d 789 (Miss. 2012)). Further, the plaintiff must show "a causal connection between the breach and the [injury], such that the breach is the proximate cause of the [injury]." *Double Quick v. Lymas*, 50 So. 3d 292, 298 (Miss. 2010).  The plaintiff must first prove the existence of a duty owed, then "[t]he elements of breach and proximate cause must be established . . . with supporting evidence.  Duty and breach of duty, which both involve forseeability, are essential to finding negligence and [therefore,] must be demonstrated first." *Griffith v. Entergy Miss., Inc.,* No. 203 So. 3d 579,585 (Miss. 2016) (citations omitted).  Generally, if a person of ordinary intelligence would not have "anticipated the dangers that his negligent act created for others," then the injury would not be considered foreseeable. *Ogburn v. City of Wiggins*, 919 So. 2d 85, 92 (Miss. Ct. App. 2005) (citations omitted).  Moreover, "[f]oreseeability does not require that a person anticipate the precise manner in which injury will occur once he has created a dangerous situation through his negligence." *Id.*

¶18.  These rules make clear that the principal difference between an intentional tort and negligence is that "an intentional tort is an act of intentional behavior designed to bring about

10

the injury,"[11] while a claim for negligence simply requires that the defendant failed to act as a reasonable person would under the same or similar circumstances, thereby breaching the applicable standard of care. ***Davis v. Christian Bhd. Homes of Jackson, Miss., Inc***., 957 So. 2d 390, 404 (Miss. Ct. App. 2007). Here, McCullough claims not that Varnado acted intentionally to injure him, but that both defendants breached their duty of reasonable care to pedestrians to operate a vehicle in a safe manner. In other words, when Varnado struck McCullough he violated that duty and this breach resulted in injuries, pain and suffering, medical expenses, income and wage loss, mental distress, and consequential damages. McCullough claims the defendants owed the duty of reasonable care at all times and their negligent breach of this duty was the foreseeable proximate cause of all injuries. However, the only evidence of Varnado's breach–outside of the claims registered in the record's pleadings and motions–is found in transcript excerpts of McCullough's deposition testimony and other limited discovery materials.

¶19.    Looking to the deposition transcripts, McCullough's account of the event implies that he perceived Varnado's actions as intentional. Specifically, McCoullough stated that, with less than one foot between himself and the truck, he looked "straight into the windshield" as "Mr. Varnado mashed the gas . . . . Period. Point blank." McCullough stated that he then told Varnado to "get his A out of the truck," at which point "[Varnado] decided he wanted to leave." The first two times Varnado hit McCullough with his truck, Plaintiff stumbled backward but approached the truck again after regaining his balance. McCullough testified

---

[11]***Peaster v. David New Drilling Co.***, 642 So. 2d 344, 349 (Miss. 1994) (citing ***Mullins v. Biglane Operating Co.***, 778 F.2d 277, 279 (5th Cir.1985)).

that "[t]he third time he hit me, he knocked my ass off . . . . He meant to hit me. He meant to take me down, period." The attorney conducting the deposition asked if, at this point, Varnado failed to give him enough time to get out of the way of the vehicle. McCullough responded, "[t]hat's obvious . . . . He did not give me any time at all." McCullough noted that he did not move away from the path of the truck because he "didn't think [Varnado] was stupid enough to run [him] down," although he also did not "think [Varnado] ever intended to give [him] a chance to get out from in front of the vehicle."

¶20.    Alternatively, Varnado contends that, while there was a dispute between McCullough and himself on May 24, at no point did he hit the grower with his truck; much less did he do so intentionally. He claims that there was neither an intentional act nor a negligent one, because the incident never happened. While Varnado's deposition transcript was not presented to the trial court and is not properly before this court, attorneys for both parties described the provided testimony to the trial judge at the hearing on the defendant's motion for summary judgment. There, counsel for the plaintiff discussed the content of Varnado's testimony, noting that "part of his deposition said, I never intended to run over the man." Defense counsel also summarized this portion of the deposition, stating that "he never intended to run over [McCullough]. In fact, he denies that he ever did run over him. His testimony is completely the opposite of what Mr. McCullough has testified to with respect to the contact of his vehicle with Mr. McCullough." The defense attorney further noted that, throughout Vanardo's testimony, "the whole point is that [the incident] never happened." The trial court reviewed this summary together with McCullough's testimony and ruled that,

12

in light of Varnado's account, a genuine issue of material fact existed as to whether his actions that day were intentional or whether the accident even occurred. This ruling seems to consider only the attorneys' summaries of Varnado's testimony and fails to account for all other testimony presented. In its order–which opted for brevity over detail–the court failed to address the lack of evidence presented by Plaintiff to support the claim that Defendants acted negligently. Rather, the court focused its ruling on testimony taken out of context, understanding only that Varnado did not intend to hit McCullough, but ignoring the fact that intent was mentioned only to support the fact that he denied the incident entirely. When viewed in light of McCullough's deposition and his description of the events, Varnado's claim that he did not hit McCullough and (as a result) did not intend to hit him, does not rise to the level of the material factual dispute needed to deny summary judgment.

¶21. As the Supreme Court of the United States has held (and this Court steadfastly has followed),

> the plain language of [Rule 56] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since *a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial*. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Galloway v. Travelers Ins. Co.*, 515 So. 2d 678, 683 (Miss. 1987) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986) (emphasis added)). Here, the only "proof concerning an essential element of the non-moving party's

13

case," was provided by McCullough through his deposition transcripts. To prove his allegation of negligence has merit, he cites the following dialogue:

> Q: And it is your testimony that Mr. Varnado did not give you enough time to get out of the way of his vehicle?
>
> A: That's obvious.

¶22. McCullough asserts that this testimony shows that Varnado's act was one of negligence, and not intent, as his failure to allow a person time to move from in front of his vehicle before proceeding forward, thereby striking the individual, can be perceived only as a breach of his owed duty of care. We find that this excerpt does not, in fact, show negligence, but instead furthers Sanderson's claim that the act was intentional. Without more, this testimony merely addresses the fact that Varnado willingly and without hesitation accelerated his truck forward, doing nothing to advance Plaintiff's claim of negligence.

¶23. In its ruling, the trial court proposed that "the defendant, George Varnado, testified that he either did not intent [sic] to strike the plaintiff with his vehicle or that he did not in fact strike the plaintiff with this vehicle." However, the court's ruling–seemingly based completely on Varnado's deposition excerpt–again misinterprets the provided testimony.

¶24. While the question of whether the incident occurred remains in dispute, it does not affect the question of whether the act–if it in fact occurred–sounds in negligence or intentional tort. For our purposes, if Varnado did not hit McCullough, as he asserts, then the claim is baseless and thus should be dismissed. Alternatively, if he did hit McCullough, he did so intentionally, which, in turn, bars Plaintiff's action. In either scenario, the case presents no genuine issue of material fact for review. Accordingly, because the court's ruling

14

on this issue was based solely on a misinterpretation of testimony provided, it was in error and merits reversal.

¶25. The court's application of Varnado's testimony is not the only basis for this Court's reversal, however. In addition to the deposition testimony, the record includes an itemization of undisputed facts provided by both plaintiff and defendants. Defendants filed their list first, with Plaintiff responding in turn, and both parties agreed that (1) there was an incident on May 24, 2010, (2) after a verbal altercation regarding a deficiency report, (3) In which Plaintiff was standing in front of Defendant's truck, (4) during which Plaintiff alleges that Varnado struck him three times with the vehicle. McCullough did not rebut any of Defendant's undisputed facts, nor did he seek to amend the statements he made through his deposition by which he described an intentional act by Varnado, indicating an assault under Section 15-1-35.[12]

¶26. Previously, this Court has held that a plaintiff who testifies "in his own behalf as an eye-witness to all of the facts and circumstances immediately prior to, at the time of and following the [incident] . . . is bound by his own testimony." **Seedkem S., Inc. v. Lee**, 391 So. 2d 990, 994 (Miss. 1980). "The general rule is that when a party testifies to positive and definite facts which, if true, would defeat his right to recover or conclusively show his liability, and such statements are not subsequently modified or explained by him to show that he was mistaken although testifying in good faith, he is conclusively bound by his own testimony, and cannot successfully complain if the court directs a verdict against him."

---

[12]McCullough does dispute the analysis of deposition testimony provided by the defense in its Itemization of Undisputed Facts, though this discrepancy is negligible.

15

*Bradshaw v. Stieffel*, 230 Miss. 361, 367, 92 So. 2d 565, 567 (1957) (citations omitted). "To apply the rule the [and preclude a party from testifying to certain facts directly within his knowledge, and then offering testimony to contradict his own statements of facts], the following prerequisites must appear in the record:

> (1)     The party must be in a position to testify positively to the facts so testified;  i.e., what he testifies to must be in his own plain view, or he [must] be otherwise situated so that there can be no mistake in his observation.

> (2)     He must testify to facts which if true would defeat recovery.

*Bratschi v. Ray*, 393 So. 2d 1356, 1359–60 (Miss. 1981).  Through his deposition testimony, McCullough has met both prongs of the *Bratschi* test: first, Varnado was in the truck, in front of McCullough, in plain view and within earshot of his pleas to exit the vehicle to talk. Second, he testified multiple times, in various ways, that Varnado "meant" to hit him with his truck.  This amounts to definitive, uncontested evidence that serves to defeat his requested recovery and bar his claims under Section 15-1-49.

¶27.   Finally, the complaint and McCullough's responses provide no indication of negligence other than bald assertions and a perversion of the provided testimony.  Most notably, the complaint states that the negligence occurred through Varnado's failure to operate his vehicle in a safe manner, breaching his duty of reasonable care to pedestrians. It further shows that when he struck McCullough, Varnado caused physical injuries and other consequential damages.  While serving as a "short plain statement," these claims failed to be supported by the testimonial evidence and limited items in discovery, as discussed above. Without alleging additional evidence of negligence, McCullough has failed to "make a

16

showing sufficient to establish the existence of an element essential to the case. . . ," making it ideal for summary judgment. ***Karpinsky v. Am. Nat'l Ins. Co.***, 109 So. 3d 84, 89 (Miss. 2013) (quoting ***Buckel v. Chaney***, 47 So. 3d 148, 153 (Miss. 2010)).

¶28.    In his response to Defendant's motion for summary judgment, McCullough elaborates on his negligence theory by noting that "Varnado had a duty not to strike the Plaintiff with his vehicle," and because the "evidence clearly shows that Varnado struck the Plaintiff with his vehicle [and] [t]he Plaintiff's testimony . . . sets forth that he was injured as a result [of the collision]," Plaintiff is entitled to damages.  Not unlike every other motorist, Varnado owed McCullough a high duty of care in operating his vehicle; however, by definition, "there is no such thing as a negligent assault." ***Webb v. Jackson***, 583 So. 2d 946, 951 (Miss. 1991) (citations omitted).  Therefore, even if he breached his duty to operate the truck safely, in acting with intent to cause McCullough either apprehension or harm, Varnado committed civil assault–and subsequently battery–which cannot be considered negligence.

¶29.    According to McCullough, there is no question that Varnado was (or should have been) aware that moving his vehicle forward would result in an injury.  After requesting Varnado to exit the vehicle, McCullough positioned himself in front of the truck, on the driver's side, directly in line with the steering wheel.  Varnado claims that, at this point, McCullough began to curse and pound on the hood of the truck, while McCullough asserts that he stood at the front of the truck and shouted to Varnado to "get out and talk."  Varnado acknowledged that McCullough was in front of the truck, within an arm's length of the hood. McCullough acknowledged that Varnado saw him.  Both accounts indicate that one thing

17

was certain: McCullough was situated in a position in front of the vehicle, such that if Varnado moved forward, he did so knowing that McCullough undoubtedly would be in the truck's immediate path. While McCullough claims that accelerating the vehicle forward without allowing him to move indicates negligence on Varnado's part, doing so *three times* and making contact with McCullough each time demonstrates something more than mere negligence, rising to the level of an intentional act. Because McCullough failed to offer proof to support the essential elements of negligence in this case, he accordingly failed to make a sufficient showing to survive summary judgment. *See Celetox*, 477 U.S. 317, 322-323.

**CONCLUSION**

¶30.    It is well-settled in this state that claims for intentional torts of assault and battery fall under the restrictions of Mississippi Code Section 15-1-35. Moreover, just as this Court does not recognize claims of "negligent assault," it accordingly does not recognize claims for intentional torts veiled in a cloak of negligence. *Jordan*, 5 So. 3d 442, 447. McCullough's claims, though carefully presented through the elements of duty, breach, causation, and injury do not conform to the State's *prima facie* requirements for negligence. Rather, the evidence presented through the testimony provided indicates an "intentional behavior designed to bring about the injury. " *Peaster v. David New Drilling Co.*, 642 So. 2d 344, 349 (Miss. 1994) (citations omitted). Because there are no triable issues of material fact in the record for the case at hand, and McCullough's claims are barred by the applicable statute of

limitations, we reverse the trial court's decision to deny summary judgment, granting

Sanderson's motion and rendering the case dismissed.

¶31. **REVERSED AND RENDERED.**

**WALLER, C.J., DICKINSON, P.J., KITCHENS, KING, COLEMAN AND MAXWELL, JJ., CONCUR. CHAMBERLIN, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. RANDOLPH, P.J., NOT PARTICIPATING.**