OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
In an action to recover damages for defamation, the court below granted defendants’ motion for summary judgment dismissing the complaint on the ground that the instant action is barred by the one-year statute of limitations.
On May 21, 1997 plaintiff, Dr. Martin A. Lehman, an orthopedic surgeon, was arrested and charged with insurance fraud. His arrest was in connection with an undercover sting operation which was conducted in part to investigate insurance fraud by medical providers in the area of automobile no-fault, disability and workers’ compensation claims. The District Attorney’s Office of Nassau County, along with other government agencies, conducted the undercover investigation. As a result of the investigation, 20 individuals were arrested, including plaintiff. *3 The sting operation was widely reported by the media. Eighteen of the 20 individuals pleaded guilty; however, plaintiff went to trial and, on March 3, 1999, was acquitted of all charges.
In August 1998, prior to plaintiffs tried, defendant Barbara Kornblau, an Assistant District Attorney of Nassau County, was interviewed by Discovery Communications, Inc. for a proposed documentary concerning sting operations. During the interview, Kornblau made two statements which were used in the documentary program along with some of the segments of videotapes of the sting operation provided by the District Attorney’s office to Discovery Communications, Inc. Plaintiff maintained that two of the statements made by Kornblau were defamatory, specifically, “[we] gathered the evidence we needed” and “[w]e have extensively used the videotape evidence before the Grand Jury. I think the video evidence was pivotal in the decision made by many of the defendants to enter a plea of guilty.”
On March 21, 1999 the documentary program was first aired by Discovery Communications, Inc. on The Learning Channel. The same program was rebroadcast on May 24, 2001. On June 21, 2001 plaintiff commenced this action, alleging, inter alia, that two of the statements made by Kornblau in the rebroadcast on May 24, 2001 were defamatory.
The District Court improperly held that the cause of action based upon the rebroadcast was time-barred by CPLR 215. In Firth v State of New York (98 NY2d 365, 371 [2002]), the Court of Appeals found that 1 ‘ [r] epublication, retriggering the period of limitations, occurs upon a separate aggregate publication from the original, on a different occasion, which is not merely ‘a delayed circulation of the original edition’ ” (see also Rinaldi v Viking Penguin, 52 NY2d 422, 435 [1981]). The justification for this exception to the single publication rule is that the republication is intended to and actually reaches a new audience (see Rinaldi, 52 NY2d at 433; see also Firth v State of New York, 98 NY2d at 369-370). Thus, the rebroadcast, if defamatory, would give rise to a new cause of action sounding in defamation (see Firth v State of New York, 98 NY2d 365 [2002], supra; Rinaldi v Viking Penguin, 52 NY2d 422 [1981], supra).
Nevertheless, the Court of Appeals in Rinaldi dismissed the action against the authors of a hardcover book holding that they were not liable for the republication since they had no say in the decision to publish the paperbacks, and therefore could not be faulted (see Rinaldi v Viking Penguin, 52 NY2d at 435; Karaduman v Newsday, Inc., 51 NY2d 531, 540 [1980]; see also *4 Cerasani v Sony Corp., 991 F Supp 343 [SD NY 1998]; Davis v Costa-Gavras, 580 F Supp 1082, 1099 [SD NY 1984] [lack of creative control or authority for republished works precludes a plaintiffs claim against book’s author]; Folwell v Miller, 145 F 495, 497 [2d Cir 1906]). In the instant matter, the defamation action should likewise have been dismissed and summary judgment granted to defendants since they were not part of the decision-making process to rebroadcast the program. The record is clear that after providing Discovery Communications, Inc. with the public relations material, including the segments of video made undercover as part of the sting operation and Kornblau making the two allegedly defamatory statements during her interview in August 1998, Kornblau had no further contact with Discovery Communications, Inc. in creating, editing or airing the rebroadcast.
Rudolph, EJ., Angiolillo and Tanenbaum, JJ., concur.