**Kenneth FAIRLEY, Plaintiff**

v.

**ESPN, INC., Jonathan Hock, Marcus Dupree and Alvin Kidd, Defendants.**

**Civil Action No. 3:12CV174TSL–MTP.**

United States District Court, S.D. Mississippi, Jackson Division.

June 11, 2012.

Lisa Mishune Ross, Jackson, MS, for Plaintiff.

James W. Shelson, Luther T. Munford, Robert Gregg Mayer, Phelps Dunbar, LLP, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of plaintiff Kenneth Fairley to remand pursuant to 28 U.S.C. § 1447. Defendants ESPN, Inc., Jonathan Hock, Marcus Dupree and Alvin Kidd have responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes the motion should be granted.

Plaintiff Kenneth Fairley filed the present action against defendants ESPN, Inc., Jonathan Hock, Marcus Dupree and Alvin Kidd in the Circuit Court of Hinds County, Mississippi, asserting claims for defamation, conspiracy to defame, intentional infliction of emotional distress and false light invasion of privacy based on alleged defamatory statements in a documentary produced by defendant Jonathan Hock and broadcast by ESPN focusing on the demise of legendary football player Marcus Dupree, entitled "The Best that Never Was—Money, Race, Scandal and College Football." Plaintiff alleges that in a segment of the documentary featuring Alvin Kidd, Kidd and Dupree made false and defamatory statements about him and slandered him and cast him in a false light when Kidd and Dupree claimed in the documentary that Fairley met them on a back road in Mississippi and took Dupree's $45,000 signing bonus with the New Orleans Breakers and otherwise mismanaged Dupree's money.

Although Kidd, like Fairley, is a citizen of Mississippi, defendants removed the case to this court on the basis of diversity jurisdiction, contending Kidd has been improperly joined because, among other reasons, the claims against Kidd are barred by the statute of limitations. *See Rick Bounds Auto Sales, Inc. v. Western Heritage Ins. Co.*, Civil No. 1:09CV65–HSO–JMR, 2009 WL 1564429, *4 (S.D.Miss. June 2, 2009) (finding resident defendant improperly joined where all claims against him were time-barred). Plaintiff timely moved to remand, arguing that since his complaint alleges facts sufficient to establish that Kidd's statements in the documentary were "of and concerning" or "clearly directed toward" plaintiff, then there is a reasonable possibility that plaintiff could recover against Kidd for defamation, slander and false light. *See Gales v. CBS*, 269 F.Supp.2d 772 (S.D.Miss.2003) (finding no improper joinder where plaintiff could not show that allegedly defamatory statements by resident defendants were "of and concerning" plaintiff). However, defendants never contended plaintiff could not show the alleged defamatory statements were "of and concerning" him; and plaintiff failed to address defendants' principal position, which was that plaintiff's claims against Kidd are time-barred. And, while defendants response to plaintiff's motion focused entirely on the limitations issue, plaintiff filed no reply addressing their arguments. Notwithstanding this failure, the court has determined that the motion to remand must be granted because the court cannot conclude that plaintiff has no reasonable possibility of establishing that his claim against Kidd is timely.

▇▇▇ Mississippi allows causes of action for defamation and related torts to be filed within one year of the first publication, and no later. *See* Miss.Code Ann. § 15–1–35 (providing that "all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued and not after"). The court in *Washington v. Jackson State University*, Civil Action No. 3:07cv00074–DPJ–JCS, 2008 WL 2779297 (S.D.Miss. July 14, 2008), set forth the following principles applicable to accrual of defamation claims in Mississippi:

> Under Mississippi common law, "[a] cause of action accrues for purposes of the statute of limitations on the date of the first publication of the allegedly defamatory material." *Mize v. Harvey Shapiro Enters., Inc.*, 714 F.Supp. 220, 224 (N.D.Miss.1989) (citing *Wildmon v. Hustler Magazine, Inc.*, 508 F.Supp. 87, 88–89 (N.D.Miss.1980)). Thus, under this single publication rule,

>> the one year limitations period in defamation actions begins to run on the date the allegedly defamatory material is first published to a third person or to the public at large; further, as to any single publication of defamatory material, there may be only one cause of action in which damages are recoverable.... Multiple publications of the same work do not ordinarily reset the statute of limitations; only subsequent editions or reprintings, or a rebroadcast of the same story, are considered new publications that trigger a new cause of action and commence a new statute of limitations period.

> *Lane v. Strang Commc'n Co.*, 297 F.Supp.2d 897, 900 (N.D.Miss.2003) (citations omitted). The Mississippi Supreme Court has explained the rationale behind this rule as follows:

>> Since the gravamen of the offense is not the knowledge by the plaintiff nor the injury to his feelings but the degrading of reputation, the right accrue[s] as soon as the paper [is] exhib-

ited to third persons in whom alone such repute is resident. The tort is then complete even though the damages may continue or even accumulate.

> *Forman v. Miss. Publishers Corp.*, 195 Miss. 90, 14 So.2d 344, 347 (Miss.1943).

*Washington*, 2008 WL 2779297, at \*10–11. In their response to the motion, defendants have presented proof that ESPN first broadcast the documentary "The Best That Never Was" on November 9, 2010, more than a year before November 21, 2011, the date on which plaintiff filed his complaint in this cause. Defendants acknowledge that the program was subsequently rebroadcast within the limitations period. However, they submit that while the rebroadcast of a television program starts the statute of limitations running again for the broadcaster, a rebroadcast does not start the limitations anew as to the source, here, Kidd. In support of their position, defendants rely primarily on New York authority, which indeed, does hold that the republication exception to the "single publication rule" does not apply to a defendant who has no control over the decision to republish. The court recognizes there is ample New York authority on this issue. *See, e.g, Rinaldi v. Viking Penguin, Inc.*, 52 N.Y.2d 422, 435, 438 N.Y.S.2d 496, 420 N.E.2d 377 (N.Y.1981)(defamation claims brought pursuant to "republication" exception dismissed on statute of limitations grounds against authors who "had no knowledge of and played no role in either the decision to issue a paperback edition or in its implementation"); *Lehman v. Kornblau*, 12 Misc.3d 1, 4, 820 N.Y.S.2d 397 (N.Y.Sup. Ct.2006) (defamation republication claim dismissed against defendants "since they were not part of the decision-making process to rebroadcast the program"); *Croy v. A.O. Fox Memorial Hosp.*, 68 F.Supp.2d 136, 143–144 (N.D.N.Y.1999) (holding that in the absence of evidence that author of memorandum "ratified, approved, controlled, or otherwise participated in the republication of the information in his memorandum," he could not be held accountable for subsequent letter repeating allegations therein).

However, the only Mississippi authority defendants have cited which they contend supports such an exception in Mississippi law, *Forman v. Miss. Publishers Corp.*, 195 Miss. 90, 14 So.2d 344, 347 (1943), is hardly persuasive authority on the issue, as the court there held only that a cause of action for defamation accrued, if at all, in the district in which the newspaper was first published and circulated and not in all counties in which the newspaper was thereafter circulated. *Forman*, 14 So.2d at 349 (holding that the cause of action against the publisher accrued in county of first publication and circulation and "was not enlarged by an expanding circulation").[1] However, in *Mitchell v. Random House, Inc.*, this court held that the authors of a book could be subjected to liability for the republication by the publisher, to whom they had sold "all rights to the Book, including the right to exclusive control over publication and distribution." 703 F.Supp. 1250, 1252 –1253 (S.D.Miss. 1988), *aff'd,* 865 F.2d 664 (5th Cir.1989); *see also id.* (citing *Newson v. Henry*, 443 So.2d 817 (Miss.1983), which held that author of defamation is liable for any secondary publication which is a natural consequence of author's original action).

---

**1.** Furthermore, the court in *Forman v. Miss. Publishers Corp.*, expressly limited its examination based on "principles involving libel by newspaper," so as to "avoid complexities inherent in communications by telegraph, sealed letters, radio and cinema," which it observed to be "unsuitable material for analogy." 195 Miss. 90, 14 So.2d 344, 346 (1943).

The issue for the court on defendants' claim of improper joiner is whether plaintiff "has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This possibility, however, must be reasonable, not merely theoretical." *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir.2003). In deciding the issue, all disputed issues of fact and any ambiguities of state law must be resolved in plaintiff's favor. *Id. See also Smith v. Petsmart, Inc.,* 278 Fed. Appx. 377 (5th Cir.2008) (holding proper joinder because Mississippi law unclear on store manager's liability). "This precludes a federal court from applying an *Erie* analysis in determining a fraudulent joinder issue." *Marshall v. Kan. City S. Ry.,* 372 F.Supp.2d 916, 920 (S.D.Miss.2005); *Stevenson v. Brothers of the Sacred Heart,* No. 1:08cv285–LG–RHW, 2008 WL 4279611, *1 (S.D.Miss. Sept. 12, 2008) (quoting *Marshall* ). Because Mississippi law is undeveloped and uncertain as to whether, or under what specific circumstances the source of alleged defamation might be liable for rebroadcast of his statements, and thus as to whether a rebroadcast of his original statements commences the statute of limitations to run anew, the court must conclude that defendants cannot establish improper joinder of Kidd.

Accordingly, it is ordered that plaintiff's motion to remand is granted.