IN THE SUPREME COURT OF MISSISSIPPI
NO. 2023-IA-00617-SCT

*DOLLAR GENERAL CORPORATION*

*v.*

*BRADLEY DOBBS*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/17/2023 |
| TRIAL JUDGE: | HON. DAVID LEE BREWER |
| TRIAL COURT ATTORNEYS: | JOHN H. OTT |
| | TODD BRENTLEY OTT |
| | MATTHEW D. MILLER |
| | NICHOLAS KANE THOMPSON |
| | ANDREA BOYLES PACIFIC |
| COURT FROM WHICH APPEALED: | PIKE COUNTY COUNTY COURT |
| ATTORNEYS FOR APPELLANT: | NICHOLAS KANE THOMPSON |
| | MATTHEW D. MILLER |
| | ANDREA BOYLES PACIFIC |
| ATTORNEYS FOR APPELLEE: | TODD BRENTLEY OTT |
| | JOHN H. OTT |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND RENDERED - 03/13/2025 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1. Dollar General Corporation appeals the trial court's denial of its motion to dismiss. Because Bradley Dobbs's cause of action is time-barred, we reverse the trial court's order and render judgment in favor of Dollar General.

## FACTS AND PROCEDURAL HISTORY

¶2. On November 21, 2022, Dobbs filed a complaint against Dollar General. The

complaint asserted as follows:

On or about November 13, 2020, [Dobbs] and his young granddaughter entered the Dollar General store located at 5092 Highway 98 East, McComb, Mississippi, to shop for various items, as [Dobbs] had done numerous times. They wore the appropriate masks in compliance with store requirements during the pandemic. While they had gotten their items they went toward the register to pay. There were several people in the checkout line, most of whom were acquaintances of [Dobbs]. At that point the store manager, De[v]an Callahan, demanded that [Dobbs] "get out of the store!" in a loud and threatening tone. She told [Dobbs], in front of the other customers, that he had to leave because he had been caught shoplifting in the past.

[Dobbs] defended himself, responding that she was wrong, and pulled off his mask to more clearly identify himself. Rather than leaving, [Dobbs] asked her to show him some evidence. As he waited to the side, she went to the back of the store to look at the camera so she could show [Dobbs] the "evidence." Finding nothing on the camera, she insisted that he come back on November 16 at 9:00 so her manager, M[ea]gan Tero, would show [Dobbs] the film. [Dobbs] returned on November 16, and Ms. Tero and Ms. Callahan were both there. He went with them to the back of the store to look at the film. Both of [Dollar General's] employees acknowledged that [Dobbs] was not the shoplifter. At all times complained of herein, Devan Callahan and Meagan Tero were employees of defendant, Dollar General Corporation.

COUNT I.

[Dobbs] would show that the actions and conduct of [Dollar General]'s employee [Devan] Callahan were negligent in that she publicly falsely accused [Dobbs] of the crime of shoplifting after failing to identify him or exercising reasonable care to assure the accuracy of her charges, in total disregard of his rights, for which he is entitled to reasonable compensation.

COUNT II.

[Dobbs] would show [that the] actions and conduct of [Dollar General]'s employee in subjecting him to false accusations in the presence of numerous shoppers and his grandchild were willful and malicious. [Dobbs] suffered embarrassment, humiliation, emotional and mental distress; all of which resulted in his seeking medical care, including counseling, therapy and

2

medication for anxiety, stress, and depression.

> [Dobbs] is entitled to compensation from [Dollar General] for the damages he suffered as a result of the wrongful, negligent infliction of emotional and mental distress at the hands of [Dollar General]'s employee[.]

> WHEREFORE, PREMISES CONSIDERED, [Dobbs] demands judgment of and from Dollar General Corporation in the amount of $74,000.00 for damages he suffered as a direct and proximate result of the wrongful, negligent and malicious infliction of emotional and mental distress by [Dollar General]'s employee, plus his reasonable attorney's fees and all costs of court.

¶3. After service of process was executed, Dollar General moved to dismiss under Mississippi Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In its motion to dismiss, Dollar General asserted that the only wrongful conduct alleged by Dobbs in his complaint was defamation, i.e., the store manager's false accusation of shoplifting. Because Dobbs filed his complaint more than one year after the incident occurred, Dollar General argued that Dobbs's complaint should be dismissed as time-barred.

¶4. The trial court initially granted Dollar General's motion to dismiss due to Dobbs's failure to timely file a response to the motion. The trial court, however, set aside its judgment of dismissal after Dobbs filed a motion to alter or amend judgment and for an extension of time to respond to the motion to dismiss. After the trial court set aside its judgment of dismissal, Dobbs filed his response to Dollar General's motion to dismiss.

¶5. After a hearing on the motion to dismiss, the trial court found "that the three-year statute of limitations for negligence applie[d]" and denied Dollar General's motion. Dollar General then petitioned for interlocutory appeal, and it also moved to stay the trial court

3

proceedings. We granted both the petition for interlocutory appeal and the motion to stay.

## STANDARD OF REVIEW

¶6.    "The standard of review for a trial court's grant or denial of a motion to dismiss is de novo." *Trigg v. Farese*, 266 So. 3d 611, 617 (Miss. 2018) (internal quotation marks omitted) (quoting *Long v. Vitkauskas*, 228 So. 3d 302, 304 (Miss. 2017)). "Review is limited to the face of the pleading, and allegations must be accepted as true." *City of Meridian v. $104,960.00 U.S. Currency*, 231 So. 3d 972, 974 (Miss. 2017) (citing *Jourdan River Ests., LLC v. Favre*, 212 So. 3d 800, 802 (Miss. 2015)). "The motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of the claim." *Id.* (citing *Rose v. Tullos*, 994 So. 2d 734, 737 (Miss. 2008)).

## DISCUSSION

¶7.    In his complaint, Dobbs alleged that Dollar General's actions were both negligent and willful and malicious. Specifically, Dobbs alleged that Dollar General was "negligent" since it "publicly falsely accused [Dobbs] of the crime of shoplifting after failing to identify him or exercising reasonable care to assure the accuracy of [the] charges" and that Dollar General's actions and conduct "in subjecting him to false accusations in the presence of [others] were willful and malicious."

¶8.    Dollar General argues that even though Dobbs asserted negligence, he "pleads slander" and attempts "to camouflage his slander claim as negligence to circumvent the one-year statute of limitations." According to Dollar General, "regardless of whether [its]

4

[actions] were negligent or willful and malicous, it is still slander under Mississippi law."

We agree.

¶9.     "Defamation is 'that which tends to injure reputation in the popular sense; to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held, or to excite adverse, derogatory or unpleasant feelings or opinions against him.'" *Speed v. Scott*, 787 So. 2d 626, 631 (Miss. 2001) (citing Prosser & Keeton on the Law of Torts § 111, at 771 (5th ed. 1984)). The elements of defamation are:

> (a) a false statement that has the capacity to injure the plaintiff's reputation;
>
> (b) an unprivileged publication, i.e., communication to a third party;
>
> (c) negligence or greater fault on part of publisher; and
>
> (d) "either actionability of statement irrespective of special harm or existence of special harm caused by publication."

*Id.* (quoting *Franklin v. Thompson*, 722 So. 2d 688, 692 (Miss. 1998)).  The level of fault required for defamation is "fault amounting *at least to negligence* on the part of the publisher[.]" *Pope v. Martin*, 354 So. 3d 362, 375 (Miss. Ct. App. 2023) (emphasis added) (citing *Chatham v. Gulf Publ'g Co.*, 502 So. 2d 647, 649 (Miss. 1987)).

¶10.    Defamation consists of libel and slander. *Speed*, 787 So. 2d at 631.  Libel is written defamation. *Id.*  Slander is spoken or oral defamation. *Id.*  Under Mississippi Code Section 15-1-35 (Rev. 2019), "all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after."

¶11.   "Negligence is a failure to do what [a] reasonable person would do under the same or similar circumstances." *Forbes v. Hixson (In re Est. of St. Martin)*, 145 So. 3d 1124, 1128 (Miss. 2014) (internal quotation marks omitted) (quoting *Baker Donelson Bearman & Caldwell, P.C. v. Muirhead*, 920 So. 2d 440, 449 (Miss. 2006)).  "To state a negligence claim, a plaintiff must prove that the defendant owed the plaintiff a duty, that the defendant breached its duty, and that the breach caused an injury to the plaintiff." *Id.* (citing *Patterson v. T.L. Wallace Constr., Inc.*, 133 So. 3d 325, 330 (Miss. 2013)).  Negligence-based claims are typically subject to the general three-year statute of limitations under Mississippi Code Section 15-1-49 (Rev. 2019).  *Crawford v. Morris Transp., Inc.*, 990 So. 2d 162, 167 n.11 (Miss. 2008).

¶12.   Dobbs argues that his claims are for negligence and are therefore subject to the three-year statute of limitations.  But even though Dobbs chose to assert claims for negligence, his complaint "factually sounds in [slander] and is subsequently barred by the one-year statute of limitations[.]" *Sanderson Farms, Inc. v. McCullough*, 212 So. 3d 69, 71 (Miss. 2017).

¶13.   In *City of Mound Bayou v. Johnson*, Johnson filed suit against the City of Mound Bayou alleging, among other things, assault and battery.  *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1214 (Miss. 1990).  The complaint alleged, in part, as follows:

> After falsely placing [Johnson] under arrest, [Officer] Thompson proceeded to wantonly and *negligently* beat upon [Johnson] with his hands, fists, pistol and blackjack far more than necessary to take [Johnson] into custody and was carried out in such *negligent* fashion as to demonstrate a lack of regard of the right of [Johnson] to be free from unnecessary and unlawful bodily harm or the threat thereof.

6

*Id.* at 1213 (emphasis added). The City moved to dismiss and argued Johnson's claim was barred by the one-year statute of limitations. *Id.* at 1214. The trial court denied the motion. *Id.*

¶14. On appeal, the Court found that the trial court "erred when it denied [the City's] motion to dismiss Count I of Johnson's complaint." *Id.* at 1217. The Court noted that "Count I of Johnson's complaint state[d] a claim generically akin to a common law assault and battery" and that under the applicable statute of limitations, such an action must "be commenced within one year after the cause of such action accrued[.]" *Id.* at 1215 (quoting Miss. Code Ann. § 15-1-35 (Supp. 1989)). Importantly, the Court stated:

> It is true that there is a certain amount of negligence language trailing along in Johnson's complaint. This is of no moment, as
>
> > [t]here can be no escape from the bar of the statute of limitations applicable to intentional torts by the mere refusal to style the cause brought in a recognized statutory category and thereby circumvent prohibition of the statute.
>
> *Dennis v. Travelers Insurance Co.*, 234 So. 2d 624, 626 (Miss. 1970).

*Johnson*, 562 So. 2d at 1215 (alteration in original).

¶15. Additionally, in *McCullough*, "McCullough was injured when he was struck by a vehicle driven by . . . Varnado, an employee of . . . Sanderson Farms[.]" *McCullough*, 212 So. 3d at 71-72. Sanderson Farms and Varnado moved for summary judgment and argued that although "McCullough's suit alleged a tort in negligence . . . , factually, the actions identified would constitute an intentional tort" and "[we]re time-barred[.]" *Id.* at 73. The

7

trial court denied the motion, and Sanderson Farms appealed. *Id.*

¶16.   On appeal, the Court found that because "McCullough's claims [we]re grounded in intentional tort, rather than negligence, they [we]re accordingly time-barred." *Id.*  The Court explained:

> While McCullough alleges negligence in his complaint, calling for the application of the three-year statute of limitations, this Court is not bound by the claims set forth in his petition. Instead, "'[t]he law of the state is realistic. Substance prevails over form.'" [*Kozan v. Comstock*, 270 F.2d 839, 846 (5th Cir. 1959) (quoting *Travis v. Bishoff*, 143 Kan. 283, 54 P.2d 955, 956 (1936)).] . . .
>
> . . . Here, the fact that McCullough did not allege an intentional tort "is of no moment, as [t]here can be no escape from the bar of the statute of limitations applicable to intentional torts by the mere refusal to style the cause brought in a recognized statutory category and thereby circumvent prohibition of the statute." *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1215 (Miss. 1990) (citing *Dennis v. Travelers Ins. Co.*, 234 So. 2d 624, 626 (Miss. 1970)).

*McCullough*, 212 So. 3d at 74-75 (first and fifth alterations in original) (footnote omitted).

¶17.   Here, as in *McCullough*, "this Court is not bound by the claims set forth in [Dobbs's complaint]." *Id.* at 74.  Instead, "[s]ubstance prevails over form." *Id.* at 74-75 (internal quotation mark omitted) (quoting *Kozan*, 270 F.2d at 846).  And the substance of Dobbs's claim against Dollar General reflects a claim for slander, not negligence.

¶18.   The *only* wrongful conduct Dobbs alleges in his complaint is that Dollar General "publicly falsely accused [him] of shoplifting . . . subjecting him to false accusations in the presence of numerous shoppers and his grandchild."  Dobbs does not claim that Dollar General injured him through insults or bullying or that Dollar General's words or actions led

8

to violence or a breach of the peace. *See* Diss. Op. ¶¶ 38, 39 (citing ***Jones v. Fluor Daniel Servs. Corp.***, 959 So. 2d 1044 (Miss. 2007); ***Salvo v. Edens***, 237 Miss. 734, 116 So. 2d 220 (Miss. 1959)). Instead, Dobbs asserts that Dollar General falsely accused him of shoplifting in the presence of others, i.e., that Dollar General communicated a false statement to third persons, which caused him injury. ***Speed***, 787 So. 2d at 631 (quoting ***Franklin***, 722 So. 2d at 692). And although Dobbs asserts that such conduct was negligent, negligence is an element of defamation. ***Id.*** (quoting ***Franklin***, 722 So. 2d at 692). Thus, whether Dollar General "fail[ed] to identify [Dobbs] or exercis[e] reasonable care to assure the accuracy of [its] charges" is an element to be considered and is included in his defamation claim.

¶19. Dobbs asserts ***Johnson*** and ***McCullough*** are inapplicable since they both involved an intentional tort, i.e., assault and battery. ***Johnson***, 562 So. 2d at 1214; ***McCullough***, 212 So. 3d at 75. He claims that proof of intentional behavior "elevates a claim out of the realm of negligence, and into the realm of assault." Dobbs, however, misses the point.

¶20. Just as in ***Johnson*** and ***McCullough***, Dobbs attempts to circumvent the one-year statute of limitations by alleging negligence. ***Johnson***, 562 So. 2d at 1213; ***McCullough***, 212 So. 3d at 73. But "[s]ubstance prevails over form" and the substance of Dobbs's claim against Dollar General is slander, not negligence. ***McCullough***, 212 So. 3d at 74-75 (internal quotation mark omitted) (quoting ***Kozan***, 270 F.2d at 846). While "the plaintiff is the master of his complaint," ***Patton Med. of Gulf Coast, Inc. v. Relle***, 269 So. 3d 266, 283 n.8 (Miss.

9

Ct. App. 2018), Mississippi law does not permit Dobbs to "style the cause" or elect[1] the title of his claim in order to avoid the statute of limitations. *McCullough*, 212 So. 3d at 75 (quoting *Johnson*, 562 So. 2d at 1215). Stated differently, Dobbs cannot disguise slander as negligence.

¶21. The dissent finds *McCullough* is distinguishable because in this case, at the motion-to-dismiss stage, there is no evidence before the trial court. Diss. Op. ¶ 33. While it is true no discovery has been conducted, no amount of discovery will change the claim asserted in this case—that Dollar General falsely accused Dobbs of shoplifting in the presence of others. Discovery might expand on the number of people present, the names of those people, and the alleged damages involved. But discovery will not affect the claim asserted in the complaint. Again, Dobbs alleged only that he was publicly falsely accused of a crime. That is slander. And under Section 15-1-35, "*all actions for slanderous words*," whether negligent or willful and malicious,[2] "shall be commenced within one (1) year after the cause of action accrued, and not after." § 15-1-35. Because Dobbs filed his complaint more than one year after his cause of action accrued, his defamation claim is time-barred.[3] *Id.*

¶22. Dobbs argues he has adequately pled a claim for negligent infliction of emotional

---

[1] Dobbs admits that "Dollar General's actions were certainly defamatory." But Dobbs asserts that he "elected to plead claims of negligence . . . and not defamation."

[2] As previously stated, in his complaint, Dobbs asserted that Dollar General's actions and conduct were both "negligent" and "willful and malicious."

[3] Dobbs's cause of action accrued on November 13, 2020. Dobbs filed his complaint on November 21, 2022, more than two years later.

distress, which is not subject to a one-year statute of limitations. We disagree.

¶23. Dobbs's negligent-infliction-of-emotional-distress claim is based on his *alleged* negligence claim. Specifically, Dobbs claims that as a result of Dollar General's actions and conduct "in . . . publicly falsely accus[ing] [him] of the crime of shoplifting" and "in subjecting him to false accusations in the presence of numerous shoppers," he suffered "embarrassment, humiliation, emotional[,] and mental distress[.]" But as previously discussed, Dobbs's alleged negligence claim is, in reality, a defamation claim. Thus, despite Dobbs's assertion, his negligent-infliction-of-emotional-distress claim is based on Dollar General's alleged defamation.

¶24. "Mississippi law does not recognize a cause of action for negligent infliction of emotional distress based on defamation." *Lane v. Strang Commc'ns Co.*, 297 F. Supp. 2d 897, 899 (N.D. Miss. 2003) (citing *Mitchell v. Random House*, 865 F.2d 664 (5th Cir. 1989)). But while this Court has not recognized such a cause of action, "to formally do so now is not necessary." *Hudson v. Palmer*, 977 So. 2d 369, 385 (Miss. Ct. App. 2007), *cert. denied*, 977 So. 2d 343 (2008). "Any claim for negligent infliction of emotional distress based upon defamation would obviously require a successful claim of defamation[.]" *Id.*; *see also Pointer v. Rite Aid Headquarters Corp.*, 327 So. 3d 159, 172 (Miss. Ct. App. 2021), *cert. denied*, 328 So. 3d 1253 (2021).[4] Dobbs has not met this prerequisite since his

---

[4] The dissent asserts *Hudson* and *Pointer* are distinguishable because in both cases, a specific claim for defamation was made. Diss. Op. ¶¶ 43, 44. But as previously discussed, although Dobbs did not specifically allege defamation, Dobbs's alleged negligence claim

11

defamation claim is time-barred.

## CONCLUSION

¶25.    Although "there is a certain amount of negligence language trailing along in [Dobb]'s complaint[,]" "[t]his is of no moment[.]" *Johnson*, 562 So. 2d at 1215.  "[Dobbs]'s claims are grounded in [slander], rather than negligence[.]" *McCullough*, 212 So. 3d at 73.  As such, the one-year statute of limitations applies.  § 15-1-35.  Because Dobbs filed his complaint more than one year after his cause of action accrued, it is time-barred.  *Id.*  The trial court's order denying Dollar General's motion to dismiss is reversed, judgment is rendered in favor of Dollar General, and Dobbs's complaint is dismissed.

¶26.    **REVERSED AND RENDERED.**

**MAXWELL, CHAMBERLIN, ISHEE AND BRANNING, JJ., CONCUR. KING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, C.J.,  COLEMAN, P.J., AND SULLIVAN, J.**

**KING, PRESIDING JUSTICE, DISSENTING:**

¶27.    A Dollar General employee accused Bradley Dobbs of previously shoplifting on an earlier date  and demanded he leave the store, an accusation that Dobbs alleges was incorrect. Dobbs sued Dollar General for negligence and negligent infliction of emotional distress (NIED) more than one year but less than three years after the incident.  Dollar General filed a motion to dismiss arguing that Dobbs's negligence claims camouflage a claim of defamation and are therefore barred by the one-year statute of limitations.  The trial court

_____

is, in reality, a defamation claim designed to circumvent the statute of limitations.

denied Dollar General's motion, holding that the claims sound in negligence and that the three-year statute of limitations applies. Because the claims are for negligence and are sufficient under current pleading standards, this Court should affirm the trial court's judgment at this early stage of trial proceedings. Consequently, I respectfully dissent.

¶28. The central issue in this appeal is whether the complaint, filed approximately two years after the alleged incident, should be barred by the one-year statute of limitations for defamation or permitted to proceed, at this early procedural juncture during which we only examine the pleadings, under the three-year statute of limitations for negligence. A one-year statute of limitations applies to "actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels[.]" Miss. Code Ann. § 15-1-35 (Rev. 2019). Thus, claims for defamation are subject to this one-year statute of limitations. Negligent (and intentional) infliction of emotional distress claims are subject to a three-year statute of limitations. Miss. Code Ann. § 15-1-49 (Rev. 2019) (A three-year statute of limitations applies to "[a]ll actions for which no other period of limitation is prescribed[.]"); *GEICO Cas. Co. v. Stapleton*, 315 So. 3d 464, 467-68 (Miss. 2021).

1. **Claims in a Complaint**

¶29. Dobbs chose to make claims for negligence and NIED in his complaint. The plaintiff is the master of the complaint. *Adara Networks Inc. v. Langston*, 301 So. 3d 618, 622 n.4 (Miss. 2020); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 395, 107 S. Ct. 2425, 96 L. Ed. 2d

13

318 (1987). Generally, that means that a plaintiff "is entitled to control the type of claims asserted in its lawsuit." *Miss. State Port Auth. at Gulfport v. S. Indus. Contractors LLC*, 271 So. 3d 742, 752 (Miss. Ct. App. 2018). However, the Court is not always bound by the claims in the complaint; rather, "[s]ubstance prevails over form." *Sanderson Farms, Inc. v. McCullough*, 212 So. 3d 69, 74-75 (Miss. 2017) (internal quotation mark omitted) (quoting *Kozan v. Comstock*, 270 F.2d 839, 846 (5th Cir. 1959)). Thus, when a plaintiff can choose from alternate claims based on the facts at issue, a plaintiff is generally free to do so in whatsoever manner the plaintiff opts. However, when the substance versus the form of the claims results in mutually exclusive claims, the substance of the claim may prevail over the form in which the plaintiff crafted the claim.

**2.    Defining Defamation and Negligent Infliction of Emotional Distress**

¶30.    To prove the common law tort of defamation, a plaintiff must prove:

(a) a false statement that has the capacity to injure the plaintiff's reputation;

(b) an unprivileged publication, i.e., communication to a third party;

(c) negligence or greater fault on part of publisher; and

(d) "either actionability of statement irrespective of special harm or existence

of special harm caused by publication."

*Speed v. Scott*, 787 So. 2d 626, 631 (Miss. 2001) (quoting *Franklin v. Thompson*, 722 So. 2d 688, 692 (Miss. 1998)). Defamation may be in the form of slander, which is oral defamation, or libel, which is written defamation. *Id.*

14

¶31. To prove negligence, a plaintiff must prove duty, breach, causation, and injury. *McCullough*, 212 So. 3d at 76. In a claim for emotional distress, "the emotional distress must be proved to be a reasonably foreseeable result of the defendant's conduct." *Wilson v. Gen. Motors Acceptance Corp.*, 883 So. 2d 56, 64 (Miss. 2004) (citing *Adams v. U.S. Homecrafters, Inc.*, 744 So. 2d 736, 743 (Miss. 1999)). Furthermore, to recover for emotional distress based in negligence, plaintiffs "must prove some sort of injury or demonstrable harm, whether it be physical or mental[.]" *Id.* (quoting *Am. Bankers' Ins. Co. v. Wells*, 819 So. 2d 1196, 1208 (Miss. 2001)). While the two claims potentially overlap in the case of negligent (but not intentional) defamation, they otherwise have significantly different elements.

**3. Whether the negligence claims camouflage defamation claims.**

¶32. The majority finds that Dobbs's claim of negligence was styled so as to subvert the one-year statute of limitations, and that negligence is subsumed within a defamation claim, citing *City of Mound Bayou v. Johnson* and *McCullough*. *Johnson*, however, is completely inapplicable, while *McCullough* is distinguishable. *Johnson* is irrelevant here, despite the majority's citing it completely out of context in an apparent attempt to manipulate it into sounding applicable. *City of Mound Bayou v. Johnson*, 562 So. 2d 1212 (Miss. 1990). In *Johnson*, *Johnson made no claim for negligence*. *Id.* at 1214 ("Johnson's complaint presents three claims": "assault and battery[,]" "false arrest[,]" and "malicious prosecution."). While Johnson's factual recitation used some of the language of negligence, it was not disputed that

15

his claim was one for assault and battery, and had it been made against a private actor, it would be subject to the one-year statute of limitations. *Id.* at 1215. The question at issue was decidedly *not* whether the statute of limitations for negligence or intentional torts should apply; the issue was that this Court had previously confused the caselaw with a holding indicating that assault and battery by a law enforcement officer may fall under the six-year statute of limitations for breach of sheriff's official duties. *Id.* at 1215-16. The Court then held that the one-year assault-and-battery statute of limitations applied to both claims of assault and battery committed by private actors and claims of assault and battery committed by law enforcement, rather than applying the six-year statute of limitations for breach of sheriff's duties to assault and battery by a law enforcement officer. *Id.* at 1215-17. The language the majority takes out of context has no bearing on the case at hand.

¶33. The case at hand is also distinguishable from *McCullough*, because today's case is before this Court on appeal from a denial of a motion to dismiss, and this Court must consequently take the factual allegations of the complaint as true. *McCullough*, on the other hand, involved an appeal from the trial court's denial of the defendants' motion for summary judgment. *McCullough*, 212 So. 3d at 71. Significant discovery, including the depositions of the plaintiff and defendant, had occurred. *Id.* at 73-74. Thus, the Court was examining the pleadings, depositions, answers to interrogatories, and admissions to ascertain whether the evidence for the plaintiff was sufficient to, at the least, create a genuine issue of material fact as to the elements of the plaintiff's claims. *Id.* at 74. This is quite a different standard

16

than that for a motion to dismiss, which generally does not take into account any evidence, and only considers the pleadings.

¶34. In *McCullough*, McCullough alleged that the defendant Varnado had negligently hit him with his truck multiple times. *Id.* at 72. This Court noted that the complaint alleging negligence did indeed serve "as a 'short plain statement[.]'" *Id.* at 79. But it continued that at the summary judgment phase, such a statement must also "be supported by the testimonial evidence and limited items in discovery[.]" *Id.* Thus, the Court specifically distinguished the procedural posture of the case case from one that looks only at the pleadings, and implied that the pleadings would have been sufficient at the motion-to-dismiss procedural juncture in which only the pleadings would have been reviewed.

¶35. Furthermore, the only evidence of Varnado's level of intent, whether negligent or intentional, came from McCullough's own sworn deposition testimony, and McCullough affirmatively asserted, multiple times, that Varnado hit him with his truck purposefully. *Id.* at 76-79. And it is abundantly clear "this Court does not recognize claims of 'negligent assault,'" thus, the Court concluded that "it accordingly does not recognize claims for intentional torts veiled in a cloak of negligence." *Id.* at 80 (quoting *Jordan v. Wilson*, 5 So. 3d 442, 447 (Miss. Ct. App. 2008)). In contrast, this Court clearly recognizes claims of negligent defamation, so defamation and negligence are not mutually exclusive, as are negligence and assault.

¶36. The distinctions between this case and *McCullough* are therefore numerous. In this

17

case, first, no evidence is before any court because the case is merely at the motion to dismiss stage. Second, defamation, while included in the "intentional tort" statute of limitations, is not the same type of intentional tort as assault. Facts indicative solely of the intent required for assault preclude negligence, as this Court explained in *McCullough*. Proof of negligence and proof of purposeful intent are generally mutually exclusive—one typically precludes the other when proof of only one exists. But the tort of defamation contemplates a level of intent of negligence *or* more purposeful intent. Either level of intent accomplishes defamation— the tort is not mutually exclusive, but an either/or tort. And in this case, Dobbs claims negligence—to wit, he does not claim negligent defamation, but rather he makes a claim for simple negligence. The majority, without citing authority, finds that, because a form of negligence can be an element of defamation, defamation necessarily gobbles up negligence. Maj. Op. ¶ 17. But that is simply not the standard required of pleading—plaintiffs may often choose among multiple overlapping torts at the pleading stage.

¶37. The substance of the majority's holding is essentially that all claims involving injurious words are now subsumed by defamation. But such a holding contrasts this Court's previous holdings that liability exists for spoken words outside of claims of defamation. The majority ignores inconvenient caselaw that notes that defamation does *not* subsume even *intentional* infliction of emotional distress based on injurious words. A claim for intentional infliction of emotional distress based on injurious words may be asserted irrespective of a claim for defamation. *See Jones v. Fluor Daniel Servs. Corp.*, 959 So. 2d 1044, 1048-50

18

(Miss. 2007).

¶38. In *Jones*, several workers whose employment had been terminated sued Fluor Daniel for breach of covenant of good faith and fair dealing, wrongful termination, and intentional infliction of emotional distress. *Id.* at 1045. Fluor Daniel filed a motion for summary judgment, which the trial court granted as to all claims. *Id.* This Court affirmed the dismissal of the claims of the breach of covenant of good faith and fair dealing and wrongful termination, but it reversed the trial court's dismissal of the intentional infliction of emotional distress claim. *Id.* at 1050. The basis of the intentional infliction of emotional distress claim constituted allegations of segregating black employees, requiring black employees to do harder manual labor, and a statement by a supervisor about the black employees that "the monkeys could go to work or go to the rope[.]" *Id.* at 1048 (internal quotation marks omitted). This Court analyzed the verbal statement separately from the other allegations in determining whether an intentional infliction of emotional distress claim was sufficiently alleged to survive summary judgment. *Id.* at 1048-50. The Court found that the alleged statement alone, an "insult coupled with an apparent reference to lynching[,]" was supported by "evidence sufficient to defeat a motion for summary judgment on this issue." *Id.* at 1049. No claim of defamation was made, yet this Court nonetheless held that words alone could potentially support a claim for intentional infliction of emotional distress, at least at the summary judgment phase. *Id.*

¶39. Additionally, insults calculated to lead to a breach of the peace are actionable

19

irrespective of any defamation claim. Miss. Code Ann. § 95-1-1 (Rev. 2021) ("All words which, from their usual construction and common acceptation, are considered as insults, and calculated to lead to a breach of the peace, shall be actionable[.]"). This was billed as an anti-dueling statute, designed to prevent violence as a result of insulting language. *Salvo v. Edens*, 237 Miss. 734, 116 So. 2d 220, 222-23 (1959). It is a different claim than is defamation. Unlike defamation, it does not require publication or reputational damage.

¶40. Simple negligence based on words differs from defamation in that the words need not be published to a third party, need not cause reputational damage, and need not cause special harm. Defamation requires third party reactions to the words, while IIED and NIED may be applicable when the words cause injury only to the target's well-being. Thus, the use of words could fit into various factual scenarios that are not subsumed by defamation. It is consequently possible to claim that injurious words constitute negligence and NIED. Dobbs's complaint does so, and thus his negligence claims are subject to the three-year statute of limitation at this procedural juncture when no proof otherwise has been offered. However, Dobbs, and any plaintiff making a claim of negligence based on injurious words, would still have to prove duty, breach, causation, and damages, which includes foreseeability and, for NIED, demonstrable harm. I recognize that providing sufficient proof of these elements with regard to injurious words will normally be an uphill battle for plaintiffs:

> [N]othing in life or our law guarantees a person immunity from occasional sharp criticism, nor should it. Short of becoming a hermit, no person avoids a few linguistic slings and arrows, many demonstrably unfair. It may be true that our law, quite wisely, has moved beyond the child's retort, "Sticks and stones

20

may break my bones but words can never hurt me". Still our sensitivity to the destructive power of words hardly suggests we assess damages for all bruised feelings.

*Ferguson v. Watkins*, 448 So. 2d 271, 276 (Miss. 1984). However, the notion that proving a negligence claim based upon injurious words may be difficult does not eliminate such a claim from existence; yet, the majority for the first time shutters that path.

¶41.    At this juncture, a motion to dismiss in which only the pleadings are examined was before the trial court. Acknowledging that the plaintiff is the master of the complaint, Dobbs's claims are for negligence based on injurious words and are therefore subject to the three-year statute of limitations.

**4.        Whether the NIED claim requires successfully proving defamation.**

¶42.    The majority holds that, to prove his claim of NIED, Dobbs must still make a successful claim of defamation, which he cannot do because a defamation claim is barred by the statute of limitations. But again, the majority centers this holding on the faulty premise that any claim based on injurious words must be reformed into a claim for defamation. As discussed above, the claim is one for negligence, not for defamation. A claim for negligence and NIED requires successfully proving the elements of those claims, and does not additionally require proving the elements of defamation.

¶43.    Further, both of the Court of Appeals cases that the majority cites for this proposition are distinguishable. In *Hudson v. Palmer*, Hudson made claims for NIED based on claims of ordinary negligence and of defamation. *Hudson v. Palmer*, 977 So. 2d 369, 384 (Miss.

Ct. App. 2007). The trial court dismissed the claims on a motion for summary judgment, not a motion to dismiss. *Id.* at 377. As to the NIED claim based on ordinary negligence, the Court of Appeals agreed with the trial court that dismissal was appropriate because Hudson failed to offer any proof of emotional distress, and thus no proof of demonstrable harm existed. *Id.* at 384. It did not hold that such a claim did not exist; rather, it implied that such a claim is possible. As to the NIED claims based on Hudson's specifically pled claim of defamation, the Court of Appeals held that "[a]ny claim for negligent infliction of emotional distress based on defamation would obviously require a successful claim of defamation, and . . . Hudson has not met this prerequisite." *Id.* at 384-85. Hudson had made a specific claim of defamation, and a claim of NIED based on that claim of defamation, unlike Dobbs, who makes a claim only for ordinary negligence. And indeed, the Court of Appeals analyzed separately Hudson's claims of NIED based on negligence and found proof of demonstrable harm absent; it did not hold that he also had to prove defamation to succeed on the negligence claims.

¶44.    In *Pointer v. Rite Aid Headquarters Corp.*, a case also decided at the summary judgment phase, the Pointers filed a complaint with a specific claim for defamation. *Pointer v. Rite Aid Headquarters Corp.*, 327 So. 3d 159, 163 (Miss. Ct. App. 2021). Quoting *Hudson*, the Court of Appeals found that the NIED claim based specifically on the defamation claim failed because the Pointers had not made a successful claim of defamation. *Id.* at 172. The Court of Appeals went on to analyze the Pointers' claim of simple

22

negligence, and found that the Pointers had failed to show the existence of a genuine issue of material fact supporting duty, breach, causation, and damages. *Id.* at 172-73. In both Court of Appeals cases, the court's analysis of simple negligence claims separate from the analysis of NIED based on specific defamation claims indicates that negligence claims based on words, while not sufficiently proven to survive summary judgment in those cases, are nonetheless claims that a plaintiff may ostensibly assert.

¶45. It is possible for injurious words to form the basis of a claim of negligence, and, consequently, NIED based on that negligence. The plaintiff is the master of the complaint, and examining the pleadings alone at the motion to dismiss phase, Dobbs pled negligence, a claim that is subject to the three-year statute of limitations. Consequently, this Court should affirm the trial court's denial of Dollar General's motion to dismiss based on the statute of limitations and remand the case for further proceedings.

**RANDOLPH, C.J., COLEMAN, P.J., AND SULLIVAN, J., JOIN THIS OPINION.**

23